HENRY T. RAY AND FERDINAND DANGEL, RE-
SPONDENTS, v. MARGARET RAY, D. LEVY, ET AL.,
APPELLANTS.

RECORD ON APPEAL.—On appeal from a judgment, without a statement or
  bill of exceptions, nothing belongs to the record except the judgment
  roll, and no question outside of the record can be considered by this
  court.

DAMAGES.—The word " damages" as used in the United States statutes, con-
  cerning *supersedeas* bonds on writ of error and appeal to the supreme
  court of the United States, includes the loss which the defendant in
  error or appellee may sustain by reason of not having the judgment ap-
  pealed from paid or executed.

  45

PLEADINGS AND PROOF ON SUPERSEDEAS BONDS.—In an action upon a *supersedeas* bond in a case wherein the proceedings have been staid by the bond, it is not necessary to allege or prove that the action in which the bond was given, was an appealable one.

APPEAL from the second judicial district, Ada county.

*A. Heed and A. Smith,* for the appellants.

*Brumback & Cahalan,* for the respondents.

PRICKETT, J., delivered the opinion. HOLLISTER, C. J., and CLARK, J., concurred.

This is an action upon a *supersedeas* bond given by the defendant Margaret Ray as principal, and the other defendants as sureties, upon an appeal from a judgment of this court to the supreme court of the United States.

The complaint alleges in effect, that on the fifth day of June, 1873, the defendant Margaret Ray commenced an action in the district court of Ada county, against the plaintiffs in this action, in which a decree was rendered in her favor; that the plaintiffs in this action appealed from such decree to this court, which reversed the decree of the court below, and directed the cause to be remanded with instructions to the district court to dismiss the bill of complaint. That upon an appeal from the last mentioned judgment, by said Margaret Ray, to the supreme court of the United States, the bond in suit, in the sum of two thousand dollars, conditioned to pay all damages and costs, was given; that on the thirty-first day of March, 1874, the bond was approved by the chief justice of this court and was filed in the cause; that all proceedings upon the judgment were thereupon stayed until the fourteenth day of February, 1876, when, after a dismissal of the appeal by the supreme court of the United States, the district court again became possessed of the case by a remittitur from the supreme court of the territory.

That on the twenty-second day of March, 1876, final judgment in that action was rendered in the district court, dismissing the bill, and for costs amounting to four hundred and eighty-nine dollars and eighty-seven cents, which re-

mained wholly due and unpaid, and for which sum judgment was demanded against the makers of the *supersedeas* bond. The summons was served on the defendant Levy, only, and he appeared and filed a demurrer to the complaint on the grounds "that it does not state facts sufficient to constitute a cause of action, and that it is ambiguous, unintelligible, and uncertain." Afterwards, said Levy answered the complaint, admitting the execution of the obligation sued upon, and denying that it was executed for the purpose of staying proceedings in the suit in which it was given, and upon information and belief denying that such proceedings were stayed, or that said bond operated as a *supersedeas,* and alleging that Margaret Ray, the principal in said bond named, was solvent, and was the owner of a large amount of property, real and personal, in the county, and that no demand had been made upon her to pay the judgment.

On the thirtieth day of December, 1876, a jury trial being waived, the cause was tried by the court, and a judgment rendered against the defendants for the sum of four hundred and eighty-nine dollars and eighty-seven cents damages and nineteen dollars and forty-five cents costs of the suit, said judgment to be enforced against the joint property of all the defendants, and the separate property of the defendant Levy, who alone was served with the summons.

From this judgment the defendant, Levy, appeals to this court, and alleges as error: That the court below erred in overruling the demurrer to the complaint, because it does not appear in the complaint that the case in which the bond sued upon was given, was an appealable one; that it does not show that the amount in controversy in that suit exceeded one thousand dollars, the amount necessary to give the supreme court of the United States jurisdiction; that the judgment was for costs, and no memorandum was filed; and that there was no *supersedeas* or stay of proceedings in the case.

There is no settled statement or bill of exceptions in the transcript in this case, and nothing can be considered ex-

cept the judgment-roll. This court has repeatedly decided, and now affirms, that on an appeal from a judgment, without a statement or bill of exceptions, nothing belongs to the record, except the judgment-roll, and no question outside of that record can be considered by this court. There is in the transcript a copy of what purports to be a statement on motion for a new trial, but it does not appear to have been presented to, or settled by, the court or judge who tried the case, and for the purposes of this review, it might as well have been left out.

All that we can consider on this appeal is the question, whether the complaint contains facts sufficient to constitute a cause of action, and to support the judgment. The bond upon which the action was brought, and which is made a part of the complaint, is conditioned, that if the plaintiff, Margaret Ray, "shall prosecute her said appeal to effect, and answer all costs and damages, if she shall fail to make good her plea, then this obligation shall be void; otherwise to remain in full force and virtue." It was argued, at the hearing, that the damages sued for were not of such character as could have been within the legal contemplation of the obligors named in the bond; that the damages which they became liable for, were those that should accrue after the execution of the bond.

The requirement of the act of congress and rules of the supreme court, in order that a writ of error or an appeal shall operate as a *supersedeas* and stay of execution, are that security be given for the whole amount of the judgment, in case of a money judgment, and "good and sufficient security" in all cases; that the plaintiff in error, or appellant, shall prosecute his writ or appeal to effect, and if he fail to make his plea good, shall answer all damages and costs. The object and legal effect of such bond is to stay the enforcement of the judgment pending the appeal; and the damages are not confined to those which may be awarded by the appellate court for the delay, or prospective damages, but include those which the appellee may sustain by reason of not having his judgment paid or enforced. In this case the plaintiffs were prevented by the *supersedeas* bond from recovering and enforcing the judgment for costs, set forth

in the complaint, and that judgment is the measure of, or at least is included in the damages which they have sustained, as a direct result of the giving of the bond by the defendants.

The only other point that we deem it necessary to notice is, whether it should appear in the complaint that the case in which the bond was given was an appealable one. In other words, whether it was a case in which a sufficient amount was in controversy, to give the supreme court of the United States jurisdiction. The condition of the bond is that the appellant shall prosecute her appeal to effect, which means with success. It can make no difference what the reasons of her failure were. Whether it was because the supreme court determined that it had no jurisdiction, or whether her appeal was dismissed on other grounds, the condition of the bond was equally broken in either case. It would not be good law to hold that a party may avail himself of the process of a court, and then escape the responsibility and consequences of his own act on the ground that the court to which he took his case had no jurisdiction over the subject-matter in controversy. It is not necessary to allege or prove, in an action of this kind, that the case appealed was an appealable one.

The complaint in this case alleges the making and giving of the bond, its breach and the consequent damages, and is in every respect sufficient. The answer admits the execution of the bond, and does not show a performance of the condition, or a release of it, or any other matter in bar of a recovery. The court below might well have rendered judgment on the pleadings.

The judgment is affirmed.