(February 7, 1901.)

## REYNOLDS v. CORBUS.

[63 Pac. 884.]

APPEAL FROM PROBATE COURT—FILING AND SERVING NOTICE OF APPEAL.—
Under the provisions of section 4838 of the Revised Statutes,
which provides, among other things, that an appeal is taken from
a probate or justice's court by filing a notice of appeal with the
justice, or judge, and serving a copy on the adverse party, the
order in which said acts are done held immaterial.

CONTINUANCE—LEGAL DISCRETION.—The granting or denial of a mo-
tion for a continuance is in the sound discretion of the court,
and unless it is shown that such discretion has been abused, the
action of the court will not be disturbed.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

John J. Blake, for Appellants.

Section 4838 of the Revised Statutes of Idaho, among other
things, provides that "the appeal is taken by filing a notice of
appeal with the justice or judge and serving a copy on the ad-
verse party." The Encyclopedia of Pleading and Practice,
which is recognized by both bench and bar as a standard work,
states the rule as follows: "Where statutes require the notice of
appeal to be filed, it is generally held that it must be filed before
or contemporaneously with the service of the notice. Otherwise,
the service of the copy of the notice of appeal is not founded
upon the filed original and is consequently void." (2 Ency. of
Pl. & Pr. 229; *Slocum v. Slocum,* 1 Idaho, 589; *Graves v. Tall-
man,* 8 Nev. 178; *Lyon Co. v. Washoe Co.,* 8 Nev. 177; *Johnson
v. Badger Mill Co.,* 12 Nev. 261; *Courtright v. Berkins,* 2 Mont.
405; *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657; *Buffendeau
v. Edwinson,* 24 Cal. 94; *Hastings v. Halleck,* 10 Cal. 31;
*Moulton v. Ellmaker,* 30 Cal. 527; *People v. Ahyute,* 56 Cal.
120; *Erickson v. Erickson.* 11 Wash. 76, 39 Pac. 241.) The
phraseology of the statute admits of but one interpretation, and
that is that the filing must precede the service. (*Daniels v.
Daniels,* 9 Colo. 133, 10 Pac. 657.)

Brown & Cahalan, for Respondent.

The case of *Slocum v. Slocum,* 1 Idaho, 589, is not applicable, as that decision was made upon a statute which provides for appeals from the district to the supreme court. (2d Ter. Sess. Laws, p. 134, sec. 285.) It is the settled law of this state that, to effect an appeal from a probate or justice's court to the district court, as provided by section 4838, Revised Statutes of Idaho, three things only are requisite, to wit: The filing of a notice of appeal with the magistrate, service of a copy of the notice upon the adverse party, and filing of an undertaking within thirty days after the rendition of the judgment, and if these things are done, the appellate court has jurisdiction of the case; and the mere order in which those things were done is immaterial. (*Salt Lake Brewing Co. v. Gilman,* 2 Idaho, 195, 10 Pac. 32; *Coker v. Superior Court,* 58 Cal. 178; *Hall v. Superior Court,* 68 Cal. 25, 8 Pac. 509; *Hall v. Superior Court,* 71 Cal. 550, 12 Pac. 672; *McCracken v. Superior Court,* 86 Cal. 75, 24 Pac. 845; *Moffat v. Greenwalt,* 90 Cal. 371, 27 Pac. 296; *Sadler v. Niesz,* 5 Wash. 182, 31 Pac. 631, 1030; *Knight v. Martin,* 128 Cal. 245, 60 Pac. 849.) A party is not entitled to a continuance unless he shows that he used reasonable diligence to procure the testimony, and also that he used the necessary means therefor. (*Tompkins v. Montgomery,* 123 Cal. 222, 55 Pac. 997.) In the case at bar there was no subpoena and no commission asked for or issued. (*Alvord v. United States,* 1 Idaho, 587.) A mistaken advice of counsel to his client, not to prepare for trial is no ground for a continuance. (*Musgrove v Perkins,* 9 Cal. 212; *Long v. Huggins,* 72 Ga. 777.) The purely voluntary absence of a party will not justify a continuance on his behalf. (4 Ency. of Pl. & Pr., pp. 542, 842; note 2; *Wilkinson v. Parot,* 32 Cal. 103; *Culley v. Walkeen,* 80 Mich. 443, 35 N. W. 368.) Courts of review have uniformly refused to disturb a ruling on a motion for continuance, unless it is shown that the discretion of the court was abused and the ruling arbitrary. (*Herron v. Jury,* 1 Idaho, 165; *Cox v. N. W. S. Co.,* 1 Idaho, 381; *People v. Walter;* 1 Idaho, 388; *Musgrove v. Perkins,* 9 Cal. 212.)

SULLIVAN, J.—This action was brought in the probate court of Ada county to recover $426 damages for an alleged violation of a contract, and costs of suit. Judgment was rendered in favor of plaintiffs for said sum. An appeal was taken from that judgment to the district court. The appeal was taken as follows: On the second day of May, 1900, the defendant served on the attorney for the plaintiffs a copy of the notice of appeal, and on the third day of May, 1900, the notice of appeal, with a proper undertaking on appeal was filed in said probate court. Thereafter counsel for plaintiffs appeared in the district court and moved to dismiss the appeal on the ground that the court had no jurisdiction to hear the same, for the reason that no copy of the notice of appeal had been served on the plaintiffs, or either of them, or on their attorney. Said motion was opposed by the affidavit of counsel for the defendant, which affidavit showed that a copy of the notice of appeal had been served on the date above stated. The court denied the motion to dismiss, and set the case for trial. Four days before the time set for trial, counsel for plaintiffs moved for a continuance. Said motion was denied, and the cause, coming on for trial, was dismissed for want of prosecution, from which judgment of dismissal this appeal was taken.

Two errors are assigned. The first is that the court erred in overruling the motion of the plaintiffs (who are appellants here) to dismiss said appeal on the ground that a copy of the notice of appeal had not been served. This contention arises over that part of section 4838 of the Revised Statutes, which provides as follows: "The appeal is taken by filing a notice of appeal with the justice, or judge, and serving a copy on the adverse party." It is contended by counsel for appellants that said provision of the statute requires the filing of the notice of appeal to precede the service of a copy, or that the act of filing and serving must be contemporaneous. It is also contended that the phraseology of the statute admits of but one interpretation, and that is that the filing must precede the service. In support of this contention counsel cites *Slocum v. Slocum,* 1 Idaho, 589, and several other authorities. In that case the court construed section 285 of the practice act of 1864. (See 2d Ter. Sess. Laws, p. 134.)

To avoid the effect of that decision, said section was thereafter
amended by adding thereto, among other things, the following:
"The order of service is immaterial," etc. (See Rev. Stats.,
sec. 4808.) Said section, however, provides the manner or
method of taking appeals from the district court to the supreme
court, while the section under consideration provides the man-
ner of taking appeals from the probate or justice's court to the
district court; and it is contended that, as the provisions of said
sections are substantially the same, they must be construed to
mean the same. We are unable to agree with counsel in that
contention. We think that construction most technical. The
statute does not declare in specific terms the order in which the
several acts required to be done in order to perfect an appeal
must be done. Said section 4838 provides that an appeal may
be taken to the district court within thirty days after the rendi-
tion of judgment, and that the appeal is taken by filing a notice
of appeal with the justice or judge, and serving a copy on the
adverse party. Said provisions require two acts to be done, to
wit, the filing of the notice and the serving of a copy on the ad-
verse party; but they do not declare which must be done first,
unless they be construed to mean that the act first mentioned
must be done first. This question was passed upon by our ter-
ritorial supreme court in *Brewing Co. v. Gillman,* 2 Idaho, 195,
10 Pac. 32. While the exact question involved in the case at
bar was not one involved in that case, it was a similar one, and
involved the same principle as that under consideration. In that
case judgment was recovered on the second day of October, 1885,
and on the sixth day of that month the defendants filed with
the justice their notice of appeal and undertaking on appeal,
and on the fifteenth day of said month served upon the plaintiff
a copy of said notice of appeal. The action was transferred to
the district court, and the plaintiff there moved to dismiss the
appeal on the ground that the district court had not acquired
jurisdiction of said suit, for the reason that no undertaking on
appeal had been filed after the service of the notice of appeal.
The district court denied said motion, and from said order the
plaintiff appealed to the supreme court. In that case the court
suggested that there was an essential difference between the pro-

visions of the statute providing for appeal from the district to the supreme court and that providing for appeals from a justice or probate court. Under the latter the court says: "Three things are made indispensable—the filing of the notice of appeal, the service of a copy of the same on the adverse party, and the filing of an undertaking; and all of these things must be done within thirty (30) days from the rendition of the judgment, and are jurisdictional. But the statute does not prescribe the order in which these several steps must be taken, . . . . and we cannot think the order in which they were done is material." The court in that case held that the statute does not prescribe the order in which the steps necessary to perfect an appeal must be taken, and that the order in which said acts are done is immaterial. We think the construction placed upon said statute in that case is correct, and especially so when considered in the light of the provisions of section 4231 of the Revised Statutes, which is as follows: "Sec. 4231. The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect." No substantial right of the appellants is shown to have been affected by the manner of the service of the copy of notice of appeal. If the notice served was not an exact copy of the original, a comparison therewith would show that fact. It is not claimed that the copy of the notice served was not a true copy of the notice filed. The statute does not require that the filing be indorsed on the copy served. Counsel for appellants, in support of his contention, cites, among others, some decisions from the supreme court of California. All of said decisions prior to that of *People v. Ah Yute,* 56 Cal. 120, were rendered under the rule of strict construction which prevailed in that state prior to the adoption of section 4 of the Code of Civil Procedure of California, and are not applicable under the rule of liberal construction that obtains in this state; nor in California, as shown by later decision of the supreme court of that state, after the adoption of the above-cited section.

The order denying a continuance of the case on the application of appellants is assigned as error. As the granting of

a continuance rests in the sound discretion of the court, his action therein will not be disturbed unless it appears that such discretion has been abused. Upon a careful examination of said application, we are not convinced that the court's ruling in said matter was arbitrary, or that there was any abuse of the sound discretion reposed in the court in denying said application. The judgment must be affirmed, and it is so ordered. Costs of this appeal are awarded to the respondent.

Quarles, C. J., and Stockslager, J., concur.