Points Decided.

(June 16, 1906.)

## In the Matter of the Estate of JOHN D. PAIGE, Deceased.

[86 Pac. 273.]

PROBATE OF WILL—ORDER REFUSING, APPEALABLE—NONAPPEALABLE ORDERS, HOW REVIEWED—RECORD OF APPEAL—MINUTES OF COURT— BILL OF EXCEPTIONS—UNDERTAKING ON APPEAL—SPECIFICATION OF GROUNDS OF MOTION—APPLICATION TO AMEND UNDERTAKING.

1. Under the provisions of section 4831, an order by the probate court refusing to admit a will to probate is appealable.

2. All interlocutory and nonappealable orders of the district court made prior to judgment may be reviewed on appeal from the judgment, provided they are properly presented by the record.

3. Under the provisions of section 4819, Revised Statutes, an appeal to the supreme court from the judgment of the district court rendered on an appeal from the probate court, the appellant must furnish this court with a copy of the notice of appeal, of the judgment or order appealed from, and of all papers used on the hearing in the court below, and the copies of such papers must be certified to be correct by the clerk or the attorneys.

4. Under the provisions of said section 4819, the minutes of the court are not required to be furnished to the appellate court, and to properly present such minutes, they should be preserved by bill of exceptions.

5. Where there is a motion to dismiss an appeal on the ground of defects in the undertaking, the motion should specify the particular defect complained of; but in case it does not, and is presented and argued by the respective counsel as though it were sufficient, the question of sufficiency of the specification cannot be raised for the first time in this court.

6. An application to amend an undertaking on appeal must be made before the motion to dismiss the appeal has been granted.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County.　Hon. George H. Stewart, Judge.

Proceedings for probate of will.　Application denied.　*Sustained.*

Edwin Snow and Harry S. Kessler, for Appellants.

The notice of motion should specify with particularity the precise grounds upon which the moving party will base his right to the relief sought, and a noncompliance with this rule is a sufficient ground for denying the motion.    (14 Ency. of Pl. & Pr., 136, and cases cited; Estee's Pleading, 4th ed., sec. 4401; *Sawyer & Briggs v. Schoonmaker*, 8 How. Pr. 198; *Bailey & Southard v. Lane*, 21 How. Pr. 475; *Perkins v. Mead & Brook*, 22 How. Pr. 476; *State v. Fry*, 10 Mont. 407, 25 Pac. 1055; *Donnelly v. Struven*, 63 Cal. 182; *Freeborn v. Glazer*, 10 Cal. 337; *Loucks v. Edmondson*, 18 Cal. 203; *De Stafford v. Garley*, 15 Colo. 32, 24 Pac. 580; *Omaha Uphol. Co. v. Chauvin-Fant Furn. Co.*, 18 Mont. 468, 45 Pac. 1087; *Schofield v. Pope*, 103 Ill. 138; *Archer v. Long*, 35 S. C. 585, 14 S. E. 24; *Garret v. Kansas City Coal M. Co.*, 111 Mo. 279, 20 S. W. 25; *Cason v. Laney*, 82 Tex. 317, 18 S. W. 667; *Succession of Theriot*, 114 La. 611, 38 South. 471; *McDermed v. Judge*, 122 Ga. 28, 49 S. E. 809; *Herman v. Hutchinson*, 33 Or. 239, 53 Pac. 489; *State v. Estes*, 34 Or. 196, 51 Pac. 77, 52 Pac. 576, 55 Pac. 25; *Healy v. Seward*, 5 Wash. 319, 31 Pac. 874; *Payne v. Spokane Street Ry. Co.*, 15 Wash. 522, 46 Pac. 1054, 3 Cyc. 195, 196; *Bernard v. Sloan*, 138 Cal. 746, 72 Pac. 360.)

We admit the undertaking filed failed in one respect to comply with the statutory requirements.    The sureties are not obligated to pay the costs "on a dismissal" of the appeals. Upon the authority of *Jarman v. Rea*, 129 Cal. 157, 61 Pac. 790, and *Hill v. Cassidy*, 24 Mont. 108, 60 Pac. 811, this omission, if a defect, renders the undertaking merely insufficient and not void.    (*Gray v. Amador Co.*, 61 Cal. 337; *Spreckels v. Spreckels*, 114 Cal. 60, 45 Pac. 1022; Spelling on New Trial and Appellate Practice, sec. 748.)

Where a challenge to the sufficiency of an undertaking on appeal is sustained by the supreme court, it will allow appellant to file a new undertaking without any cross-motion for leave to do so; and hence a motion for leave will not be denied because it was filed after a motion to dismiss for in-

sufficient undertaking.    (*De Stafford v. Bartley,* 15 Colo. 32, 24 Pac. 580; *Hendricks & McBerney v. Mason,* 70 Ga. 523; *McDermed v. Judge,* 122 Ga. 28, 49 S. E. 800; *Elwert v. Norton,* 34 Or. 567, 51 Pac. 1097, 59 Pac. 1118.)

Johnson & Johnson, for Respondent.

Objections not raised in the trial court will not be considered on appeal.    (*Smith v. Sterling,* 1 Idaho (Prickett), 128; *Goodman v. Mining Co.,* 1 Idaho, 131; *Heilner v. Brown,* 2 Idaho (Hasb.), 263, 12 Pac. 903; *Murray v. Nixon,* 10 Idaho. 608, 79 Pac. 643; *Watson v. Molden,* 10 Idaho, 570, 79 Pac. 503; *Brady v. O'Brien,* 23 Cal. 244; *Wadleigh v. Phelps,* 147 Cal. 541, 82 Pac. 200; *Beckwith v. Talbot,* 2 Colo. 604; *Moline Plow Co. v. Updyke,* 48 Kan. 410, 29 Pac. 575; *Bishop v. Carter,* 29 Iowa, 165; *Pick v. Glickman,* 54 Ill. App. 646; *Lancaster v. McDonald,* 14 Or. 264, 12 Pac. 374; *Gerheart Realty Co. v. Weiter,* 108 Mo. App. 248, 83 S. W. 278; *Wells v. St. Dizier,* 9 La. Ann. 119.)

The undertaking given in this case was executed by only one surety, and was not conditioned that the appellant would pay all damages and costs which might be awarded against her on the dismissal of the appeal.    (*Duncan v. Times-Mirror Co.,* 109 Cal. 602, 42 Pac. 147; *Estate of Fay,* 126 Cal. 457, 58 Pac. 936; *Duffy v. Greenbaum,* 72 Cal. 157, 12 Pac. 74, 13 Pac. 323; *Hill v. Cassady,* 24 Mont. 111, 112, 60 Pac. 811.)

The question of sufficiency of the undertaking on appeal has not been properly brought before this court, for the reason that counsel, who was present when the motion was decided below, did not except to the decision of the court on the motion nor to the order denying leave to amend the undertaking, as required by section 4824 of the Revised Statutes.    (*Purdum v. Taylor,* 2 Idaho, 167, 9 Pac. 607 and cases cited.)

The statute requires a bond with sufficient sureties; and a single surety does not answer its demands.    (*Van Wezel v. Van Wezel,* 3 Paige, 38; *North American Coal Co. v. Dyett,* 4 Paige, 273; *Beebe v. Young,* 13 Mich. 220, 221; *Harris v.*

*Register,* 70 Md. 109, 16 Atl. 386; *Appeal of Bartlett,* 82 Me. 210, 19 Atl. 170; *Nichols v. MacLean,* 98 N. Y. 458; *Bennet v. Superior Court,* 113 Cal. 440, 45 Pac. 808.)

The request by appellant, after the hearing of a motion to dismiss an appeal, to be allowed to substitute a sufficient appeal bond for a bond found insufficient, is too late, and will be refused.    (*Home & Loan Assn. v. Wilkins,* 71 Cal. 626, 12 Pac. 799; *McCormick v. Belvin,* 96 Cal. 182, 31 Pac. 16; *Bennet v. Superior Court,* 113 Cal. 442, 45 Pac. 808; *Zane v. De Onativia,* 135 Cal. 440, 442, 67 Pac. 685; *Hennessey v. Reed,* 15 Colo. App. 56, 60 Pac. 955.)

The two orders described in appellants' notice of appeal are not appealable, as they are not included in section 4807, Revised Statutes.

The court below sustained plaintiff's motion to dismiss defendant's appeal from the probate court.    This is not a final judgment nor a special order made after final judgment. (*Durant v. Comegys,* 3 Idaho, 67, 35 Am. St. Rep. 267, 26 Pac. 755; *Ah Kle v. McLean,* 3 Idaho, 70, 26 Pac. 937; *Theissen v. Riggs,* 5 Idaho, 21, 46 Pac. 829; *Connell v. Warren,* 3 Idaho, 117, 27 Pac. 730.)

The "order rejecting probate of will," the "notice of appeal" from the probate to the district court, and the "minutes of the court," are not part of the judgment-roll.    (Rev. Stats. sec. 4456, subd. 2; *Williams v. Boise Basin Min. & Development Co.,* 11 Idaho, 233, 81 Pac. 646.)

SULLIVAN, J.—This appeal is from an order and judgment dismissing an appeal from a judgment rendered by the probate court of Ada county, and from an order denying a motion for leave to amend the undertaking on appeal, from the probate court to the district court.    The appellant filed in the probate court of Ada county her petition for the probate of the will of John D. Paige, deceased.    A petition in opposition to the probate of said will was filed in said court; thereafter said matter came on to be heard, and after the hearing the probate court made an order that said will be not admit-

ted to probate; thereafter the petitioner took an appeal therefrom to the district court and filed an undertaking on appeal; thereafter the respondent moved to dismiss such appeal on the ground that no undertaking on appeal had been filed, as required by law, and for the further reason that the order appealed from was not an appealable order. Said motion was sustained by the court and upon the announcement of the decision, counsel for the appellant moved the court for leave to amend her undertaking on appeal. Said motion was denied by the court. Thereafter judgment was entered dismissing the appeal. Two errors are assigned: (1) That the court erred in sustaining the motion to dismiss the appeal; (2) Erred in denying defendant's motion to amend her undertaking on appeal.

*In limine,* we are met with a motion to dismiss the appeals from the "two orders described in appellant's notice of appeal," on the ground that they are not appealable orders under the provisions of section 4807 of the Revised Statutes of 1887. That section provides from what orders and judgments an appeal may be taken from the district court to the supreme court, and neither of the orders mentioned in said notice of appeal are mentioned in said section. Under the provisions of section 4831 of the Revised Statutes, an appeal may be taken to the district court from a judgment or order of the probate court in probate matters, among other orders that of admitting or refusing to admit a will to probate. But the provisions of that section do not apply to appeals from the district court to the supreme court. Clearly, the district court erred when it held that the order of the probate court refusing to admit said will to probate was not an appealable order. The notice of appeal from the district court to the supreme court states that the appellant appeals from the order of the district court sustaining plaintiff's motion to dismiss plaintiff's appeal from the probate court, and also appeals from the order of said district court denying defendant's motion for leave to amend the undertaking on appeal from the probate court. The appellant also appeals from

the judgment of dismissal in said matter, thus attempting an appeal from two orders and the judgment. If the record is in proper shape, this court may pass upon the action of the court in dismissing the appeal from the probate court and denying defendant's motion for leave to amend his undertaking on appeal, for all interlocutory orders made prior to judgment may be reviewed on an appeal from the judgment. if such appeal is taken in seasonable time and the ruling of the court on such orders properly presented by the record. Said orders not being appealable orders, we have before us only the appeal from the judgment, and the question arises whether the record properly presents for decision the rulings or orders complained of. This being an appeal from the judgment rendered on an appeal from the probate court under the provisions of section 4819 of the Revised Statutes, the appellant must furnish this court with a copy of the notice of appeal, of the judgment or order appealed from, and of the papers used on the hearing in the court below; and section 2841 of the Revised Statutes provides that the copies of such papers must be certified to be correct by the clerk or the attorneys. The record contains a stipulation by counsel for the respective parties to the effect that the transcript contains full, true and correct copies of the notice of appeal, of the judgment appealed from, of the minutes of the court, and of all papers used on the hearing of plaintiff's motion to dismiss the appeal in the court below. We find contained in the transcript the minutes of the district court, and counsel for defendant moves to strike them out on the ground that they are no part of the papers required by the provisions of section 4819 to the Revised Statutes to be furnished to the court on this appeal, as said minutes were not preserved by bill of exceptions. Said motion is well taken, and the minutes must be stricken out, as said section of the statute does not mention the minutes of the court among those papers required to be furnished on appeal. As bearing on the question, see *Williams v. Boise Basin Mining & Dev. Co.,* 11 Idaho, 233, 81 Pac. 646.

It appears that the motion made in the district court to dismiss the appeal from the probate court, on the ground that no undertaking on appeal had been filed as required by law, after argument by respective counsel was submitted to the court for its decision, and several days thereafter the court sustained the motion. After the motion had been sustained dismissing the appeal, counsel for appellant asked permission to amend the undertaking, which was denied by the court. There was no error in this action of the court as the case had been dismissed when the application was made, although made as soon as the motion was sustained. If one desires to amend a defective undertaking, application must be made in time and' before the court sustains a motion to dismiss.

Counsel for appellant lays much stress upon the point that the motion to dismiss does not specify the particular in which the undertaking is defective, and cites a number of authorities sustaining the proposition that ''The notice of motion should specify with particularity the precise grounds upon which the moving party will base his right to the relief sought, and a noncompliance with this rule is sufficient ground for denying the motion.'' We recognize the force and justice of that rule, but in order to take advantage of it, counsel opposing the motion should object on that ground in seasonable time, and cannot, for the first time, raise the objection in this court, as it would be unjust to the trial court. If counsel proceeds to argue the motion and proceeds as though it specified sufficiently the points made against the undertaking, it would be unjust and unfair to permit him, for the first time, to raise that objection in the appellate court. (*Jackson v. Barrett, post,* p. 465, 86 Pac. 270.) The trial court, therefore, did not err in refusing to permit the appellant to amend her undertaking on appeal after the motion to dismiss had been sustained. The court no doubt would have permitted an amendment if application therefor had been made prior to the decision on the motion to dismiss. The judgment is sustained, with costs in favor of the respondent.

Stockslager, C. J., and Ailshie, J., concur.

ON REHEARING.

(July 18, 1906.)

STOCKSLAGER, C. J.—A petition for a rehearing has been filed in this case, wherein it is contended that this court did not pass upon the sufficiency of the undertaking on appeal. While it is true that we did not point out specifically wherein the undertaking was insufficient, this court held that an application to amend an undertaking on appeal must be made before the motion to dismiss the appeal has been granted, thereby, inferentially at least, holding that said undertaking was insufficient. As a matter of fact it is clearly so.

Under the provisions of an act approved March 11, 1903 (Sess. Laws, p. 372), regulating appeals from probate to district courts, it is provided, among other things, that the undertaking must be in writing, with at least two sureties "to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal or on a dismissal thereof not exceeding one hundred dollars." The undertaking under consideration fails to provide that the appellant will pay all damages and costs which may be awarded against him "on a dismissal thereof," and is insufficient in that respect as held by a majority of the court in *Jackson v. Barrett, post,* p. 465, 86 Pac. 270. And this court held that after the motion to dismiss had been granted, it was then too late to amend. That being true, we find nothing in the petition that would justify us in granting a rehearing. A rehearing is therefore denied.

Ailshie, J., and Sullivan, J., concur.