(May 12, 1908.)

ON PETITION FOR REHEARING.

[95 Pac. 696.]

4. Sec. 4456, Rev. Stat., requires that a copy of any order made on demurrer shall become a part of the judgment-roll. An order made on demurrer may be announced from the bench and entered in the minutes of the court, and thereby become as fully the order and

decision of the court on the demurrer as if it had been drawn up and signed as a separate instrument and filed with the clerk. In either event a copy of any such order, whether entered on the court minutes or made and filed with the clerk, becomes a part of the judgment-roll, and is reviewable on an appeal from a final judgment.

5. The minutes of the court, as such, are not properly a part of the judgment-roll, except in so far as they may contain any order or judgment, a copy of which is by statute made a part of the judgment-roll.

6. An order made and entered in the minutes of the court striking any allegations from a pleading cannot be reviewed on an appeal from the judgment, unless the same is incorporated in a bill of exceptions.

7. Under the provisions of sec. 4427, Rev. Stats., it is unnecessary to take an exception to an order striking out a pleading or a portion thereof, and it is likewise unnecessary to incorporate such order or ruling in a bill of exceptions, and the same appearing in the record or files may be reviewed on appeal as though settled in a bill of exceptions. In order, however, to have such exception reviewed by the appellate court without incorporating the same in a bill of exceptions, it is necessary to move for a new trial and use such record and files as provided for by sec. 4443, Rev. Stat., in which case the same may be used on appeal from the order granting or refusing the motion for a new trial.

(Syllabus by the court.)

AILSHIE, C. J.—Respondents have filed a petition for a rehearing and make their principal complaint against the action of the court in considering the ruling of the trial court in passing upon defendants' demurrer, and also in striking from defendants' answer certain parts thereof.

The questions argued and presented by this petition were argued on the original hearing of this case. This court, however, in its opinion only dealt with that part of the contention involving respondents' motion to strike certain matter from the transcript. We held that the motion not having been made within the time prescribed by Rule 17 of this court (32 Pac. ix) was too late and could not be considered by the court. We did not, however, go into a consideration of the further proposition that certain orders and rulings of the trial court were not properly before this court, on account of not having been saved and settled in a bill of exceptions.

616        PERKINS *v.* LOUX.        [14 Idaho,

Opinion of the Court—Ailshie, C. J., on Petition for Rehearing.

Taking these questions up in their order, we will briefly consider them on this petition.

Sec. 4818, Rev. Stat., enumerates the papers, files and documents that shall be brought to this court on an appeal from a final judgment. Among other things there enumerated is that of the judgment-roll. Sec. 4456, Rev. Stat., defines and prescribes what shall constitute the judgment-roll, and among other orders, papers and files enumerated is included "a copy of any order made on demurrer." The transcript in this case contains what purports to be the minutes of the district court of May 31, 1907, in which there is an entry of the title of this case, followed by a recital and order that, "On this day the court announces its decision on the demurrer of the defendants to the complaint herein, heretofore argued, submitted and taken under advisement, and orders that said demurrer be and hereby is overruled," etc. This order and entry is contained in the judgment-roll and is certified as a part of the judgment-roll. The statute does not prescribe the manner or method of making or entering an order sustaining or overruling a demurrer. We accept it, however, as a fundamental proposition that the trial judge may announce an order ruling on a demurrer from the bench and have it entered on the court minutes, and that the same will be as much an order of the court and have the same force and effect as if the judge had written a formal order on a separate sheet of paper and signed the same and caused it to be filed by the clerk. In either event, it is the order of the court in ruling on the demurrer.

The foregoing statute (sec. 4456) requires the clerk to make a *copy* of such order and attach it with the other papers which go to constitute the judgment-roll. The clerk can as easily make a copy of the order made and entered on the court minutes as he can of an order made and filed in his office. In either event it is a copy of the order of the court ruling on the demurrer, and we conclude that the order in the present case is properly in the judgment-roll and contained in the transcript, and was properly before the court for its consideration. It is true that the minutes of the court, as such,

are not properly a part of the judgment-roll, and can only be brought to this court on an appeal from the judgment by being incorporated in a bill of exceptions. In *Williams v. Boise Basin Min. & Dev. Co.,* 11 Ida. 233, 81 Pac. 646, and *In re Paige,* 12 Ida. 410, 86 Pac. 273, this court specifically held that "the minutes of the court," as such, are not properly a part of the judgment-roll, and cannot be examined or considered by this court on an appeal from the judgment unless the same are incorporated and settled in a bill of exceptions.

The next contention made by the petitioner is that the order of the trial court, in striking from the answer certain parts of the defendants' alleged separate defense, is not properly before this court and was therefore improperly considered by the court. That order appears only from the minutes of the court and is not incorporated or settled in any statement or bill of exceptions. Under the rule announced by this court in the Boise Basin Mining case, and *In re Paige, supra,* the order of the court on the motion to strike certain matter from the answer is not properly before this court, and in that view of the case, what was said by the court concerning that order and the matter purported to have been stricken from the answer, was merely *dictum,* and purely gratuitous. And in that view of the case, there would be nothing before this court to show that the matter stricken from the answer is not still a part of the answer. It all appears in the answer contained in the transcript, and without this minute entry there is nothing in the transcript to show that the objectionable matter was ever ordered stricken out, and, of course, would remain in this transcript as a part of the answer. Anything said with reference to that motion, however, would not affect our judgment in this case, for the reason that we held that the demurrer was improperly overruled and should have been sustained. That alone would work a reversal of the judgment, irrespective of any view we might entertain of the action of the court on the motion to strike from the answer.

In this connection, it becomes necessary for the court to consider a contention made by the appellants, both by brief

and on the oral argument of this case. It was urged that under the provisions of sec. 4427, Rev. Stat., it is unnecessary to take exception to an order "striking out a pleading or a portion thereof," and that it is likewise unnecessary to embody such order or ruling in a bill of exceptions, but that "the same, appearing in the record or files, may be reviewed upon appeal as though settled in such bill of exceptions." In support of this contention, appellants cite *Palmer v. Pettingill,* 6 Ida. 346, 55 Pac. 653, in which this court said:

"Under the provisions of sec. 4427 of the Revised Statutes, 1887, an order overruling or sustaining a demurrer need not be embodied in a bill of exceptions to be reviewed on appeal. If the same appears in the records or files, it may be reviewed on appeal, as though settled in a bill of exceptions."

It will be observed, however, that that case involved an order made by the trial court ruling on a demurrer. Sec. 4427 is as follows:

"The verdict of the jury, the final decision in an action or proceeding, an interlocutory order or decision, finally determining the rights of the parties, or some of them; an order or decision made upon a contested motion; an order or decision from which an appeal may be taken; an order sustaining or overruling a demurrer, allowing or refusing to allow an amendment to a pleading, striking out a pleading or a portion thereof, refusing a continuance; an order made upon *ex parte* application, and an order or decision made in the absence of a party, are deemed to have been excepted to; and such exception to the verdict of a jury; to the final decision of an action or proceeding; to an order or decision finally determining the rights of the parties or any of them; to an order sustaining or overruling a demurrer; or to any other order or decision included within the terms of this section, where such order or decision and the papers upon which it is made are a part of the records and files in the action, need not, unless desired by the party objecting thereto, be embodied in a bill of exceptions, but the same, appearing in the record or files, may be reviewed upon appeal as though settled in such bill of exceptions."

We have compared the foregoing section with the corresponding section of the California Code of Civil Procedure (sec. 647), and we find that the California statute does not contain that provision which makes it unnecessary to embody the order made on any of the matters enumerated in a bill of exceptions, and which further provides that the same appearing in the "records and files" may be reviewed on appeal as though settled in a bill of exceptions; nor does the California statute contain the clause allowing a party an exception to "an order or decision made upon a contested motion." It follows, therefore, that decisions of the California court construing sec. 647 of their code, can throw but little light on this section of our statute.

An examination of the latter portion of sec. 4427 makes it clear that the statute itself gives a litigant an exception to an order made on a contested motion or striking out a pleading, or portion thereof, and it is also clear that the statute does not require such an order to be embodied in a bill of exceptions and that "the same, appearing in the *record or files,* may be reviewed upon appeal as though settled in a bill of exceptions." Now the only difficult question that arises in this connection is that as to the method of presenting such "record or files" to the supreme court. An order made on a contested motion or striking a pleading, or portion thereof, is not made a part of the judgment-roll under sec. 4456, nor is it made a part of the record on appeal under sec. 4818. We therefore turn to the provisions defining the record on appeal from an order granting or refusing a new trial. Sec. 4820, Rev. Stat., defines and prescribes what shall constitute a record on an appeal from an order granting or refusing a new trial, and is as follows:

"On an appeal from an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the order appealed from, and of the papers designated in sec. 4443 of this code."

Sec. 4443, to which the foregoing section refers, provides, among other things, that "the judgment-roll and the affidavits, or the records and files in the action," etc., may be used on

the hearing of a motion for a new trial. It is therefore provided by sec. 4443 "that the records and files in the action" mentioned in sec. 4427 may be used and considered on a motion for a new trial, and, of course, this may be done without incorporating the same in a bill of exceptions. Sec. 4443 is a *verbatim* copy of sec. 661 of the Code of Civil Procedure of California, with the exception of the words, "or the records and files in the action," contained in our statute, which do not appear in the California statute. In California, while an exception is allowed as a matter of law, to an order or ruling on a motion striking a pleading or portion thereof, in order to have the same preserved and reviewed, it is necessary to incorporate it in a bill of exceptions. But the Idaho legislature, after adopting sec. 4427 and specifically providing that orders and rulings made on the matters therein enumerated need not be embodied in a bill of exceptions, evidently thought it necessary to provide a method for having such orders and rulings reviewed. They therefore included in sec. 4443 the additional matter, namely, "or the records and files in the action," that might be considered on a motion for a new trial, and by sec. 4820 authorized the same to be made a part of the record on an appeal from an order granting or refusing a new trial.

From the foregoing examination and analysis of the different provisions of the statutes of this state and a comparison of the same with corresponding provisions of the California Code, we conclude that the legislature of this state intended that the orders and rulings of the court to which exceptions are allowed by statute, as enumerated in sec. 4427, and which are not made a part of the judgment-roll, must be reviewed on an appeal from an order granting or refusing a new trial. They clearly cannot be reviewed on an appeal from the judgment where they are not made a part of the judgment-roll or incorporated in a bill of exceptions.

No sufficient ground appearing in the petition why a rehearing should be granted, the same is denied.