[Crim. No. 271.   Second Appellate District.—February 13, 1913.]

THE PEOPLE, Respondent, v. JUAN C. LOPEZ, Appellant.

CRIMINAL LAW—HOMICIDE—DEGREE OF OFFENSE—HARMLESS ERROR.— One charged with murder and found guilty of murder in the second degree cannot complain because the verdict is more favorable to him than the evidence warrants.

ID.—POLLING JURY—COMPLIANCE WITH CODE.—The polling of a jury, whereby the clerk again reads the verdict and asks each member of the jury, "Is this your verdict?" to which each replies in the affirmative, is a sufficient compliance with section 1163 of the Penal Code.

ID. — INTERPRETER FOR WITNESS — REVIEW OF APPOINTMENT. — The appointment of an interpreter for a witness is for the judicial determination of the court, and its ruling denying a request for an interpreter will not be disturbed on appeal if the record fails to show that the witness was unable to speak or understand English.

ID.—CONDUCT OF DISTRICT ATTORNEY—WHETHER PREJUDICIAL.—A statement by the district attorney to the jury in a homicide case that he believes upon his oath as an attorney that the defendant has not told "what happened there that night," is not prejudicial, especially if the court instructs the jury to consider the statement as argument and not as a statement of fact.

ID.—WITNESS—IMPEACHMENT BY SHOWING STATEMENTS AT PRELIMINARY HEARING.—A witness cannot be impeached by showing that he testified differently at the preliminary hearing, unless he is shown a transcript of the testimony there taken, although he testified through an interpreter.

ID.—EVIDENCE AS TO WHETHER DECEASED WAS ANGLO-SAXON.—Evidence in a homicide trial as to whether the deceased was an Anglo-Saxon, though inadmisible, was not prejudicial.

ID.—GOOD CHARACTER OF DEFENDANT—NECESSITY OF BEQUEST FOR
    INSTRUCTIONS.—The accused in a homicide case is not in a position
    to complain of the failure of the court to instruct upon his good
    character, if no request for such instruction was made.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Wm. M. Finch, Judge presiding.

The facts are stated in the opinion of the court.

Edward J. Dennison, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy
Attorney-General for Respondent.

SHAW, J.—Appellant was charged by information with
the crime of murder. Upon trial he was convicted of murder
in the second degree. He appeals from the judgment and an
order denying his motion for a new trial.

Defendant was an employee of one Lattour, who was en-
gaged in the growing of cattle in one of the mountainous
regions of Los Angeles County. It appears that he and his
employer were the only occupants of the place. On July 1,
1912, at about noon, the deceased, Frank S. Randolph, came
to Lattour's house, where he spent the afternoon and had
supper with Lattour and defendant, on which occasion they
drank more or less wine. So far as appears, no trouble had
existed between any of the parties, and up to the time of the
shooting which resulted in the death of Randolph, the re-
lations between all of the parties were of a friendly character.
On the morning of the second day of July, defendant surren-
dered himself to an officer at Newhall, some distance from the
place where the homicide was committed, stating that he had
the night before shot and killed Randolph in self-defense,
claiming that Randolph had first shot Lattour, his employer,
and then attempted to shoot him. The testimony of defend-
ant, if believed by the jury, would have justified a verdict of
justifiable homicide. Not only were there circumstances es-
tablished which were inconsistent with the story as told by
defendant, but the testimony of Lattour was to the effect that
defendant, and not Randolph, shot him, and that defendant

shot and killed deceased. It thus appears there was evidence to justify the jury in the verdict rendered. Indeed, we do not understand counsel for defendant to question the sufficiency of the evidence, other than to claim that if the testimony given by Lattour was true, then defendant was guilty of the crime of murder, rather than the lesser crime of which he was found guilty. *People* v. *Coulter,* 145 Cal. 66, [78 Pac. 348], and *People* v. *Cyty,* 11 Cal. App. 702, [106 Pac. 257], are authorities in support of the proposition that defendant cannot complain because the verdict is more favorable to him than the evidence warrants.

When the verdict was returned, defendant's counsel asked that the jury be polled; whereupon, as appears from the record, "the clerk again read the verdict and asked each member of the jury the question, 'Is this your verdict' to which each replied in the affirmative." This was a sufficient compliance with section 1163 of the Penal Code, which provides that, "the jury may be polled, at the request of either party, in which case they must be severally asked whether it is their verdict." Conceding, however, that, as claimed by counsel, each juror should have been called upon and required to state his verdict in his own language and without reference to the form of the verdict returned by the jury, or, in lieu thereof, that the verdict should have been read to each of the jurors separately when asked, "Is this your verdict?" no such request was made; nor was there any objection interposed to the manner of polling the jury. Under such circumstances appellant is in no position to complain, even if the point had merit.

Defendant, when called to the witness stand to testify in his own behalf, requested the court to appoint an interpreter for him, which request was by the court denied. Under section 1884 of the Code of Civil Procedure, the court is required to appoint an interpreter in those cases only where the witness does not understand or speak the English language. The question is one for the judicial determination of the court, and its ruling thereon will not be disturbed unless the record clearly discloses an abuse of discretion by the court. (*People* v. *Young,* 108 Cal. 8, [41 Pac. 281]; *People* v. *Morine,* 138 Cal. 626, [72 Pac. 166].) The record fails to show that defendant was unable to speak or understand the

language; indeed, its tendency is strongly to the contrary. In reply to a question put to him by the court, defendant stated: "Some words I cannot understand. That is the reason I would rather have an interpreter."

Another point equally without merit is the alleged misconduct of the district attorney. In arguing the case to the jury the district attorney, in referring to the testimony given in his own behalf by defendant, stated: "I believe, gentlemen, upon my oath as an attorney at this bar, that the defendant has not told what happened there that night." The belief of the prosecuting officer was based upon the evidence, and certainly he had a right to express his doubts as to the truth of·defendant's testimony. (*People* v. *Glaze,* 139 Cal. 159; [72 Pac. 965].) Moreover, since the court at the time took the precaution to instruct the jury that they should "consider the statement as the argument of counsel, and not.as a statement of fact," it is difficult to see how, in any event, defendant could have been prejudiced by reason thereof.

·At the preliminary examination, Lattour, a witness for the people, gave his testimony through an interpreter, a transcript thereof as then interpreted being made by the reporter. At the trial this witness testified without the aid of an interpreter. For the purpose of impeaching his testimony, defendant, without showing the witness the transcript of his former testimony, asked him if he had not testified differently at the preliminary hearing. An objection to this question was sustained, and the ruling is assigned as error. Appellant not only insists that he was entitled, without reading or referring to the deposition, as required by section 2052 of the Code of Civil Procedure (*People* v. *Ching Hing Chang,* 74 Cal. 389, [16 Pac. 201] ; *People* v. *Lambert,* 120 Cal. 170, [52 Pac. 307] ), to question the witness as to his testimony given before the magistrate, but also insists, upon the authority of *People* v. *Jan John,* 137 Cal. 220, [69 Pac. 1063], that the deposition could not be used to impeach the witness, and hence he was entitled to question the witness in the manner proposed. The proposition finds no support in the John case. In an opinion by Justice Angellotti, in *People* v. *Lewandowski,* 143 Cal. 574, [77 Pac. 467], he clearly distinguishes the former case from the facts involved in the one at bar, and holds that for the purpose of impeachment, where the proper foundation

has been laid for the admission of the deposition, the fact that it was taken through an interpreter in a foreign language, does not affect its admissibility, if it is properly transcribed in longhand and certified by the reporter as provided by the statute.   There was no error in the court's ruling.

We are unable to perceive any theory of the case upon which the question as to whether or not deceased was an Anglo-Saxon was material or competent, and the action of the court in overruling defendant's objection thereto was error. Nevertheless, it is impossible to conceive how appellant could have been prejudiced thereby.

Defendant assigns as error the refusal of the court to give an instruction touching defendant's right of self-defense. As a whole the instruction was erroneus and should not have been given in the form tendered.   Insofar as it stated the law applicable to the case, the subject thereof was included in the instructions given, which fact the court assigned as a reason for its refusal.

Evidence was introduced tending to prove that defendant was a man of good character and peaceably disposed.   He insists, although he did not request it, that it was the duty of the court of its own motion to have instructed the jury in relation thereto.   Section 1093 of the Penal Code, makes it the duty of the court to charge the jury on any points pertinent to the issue, ''if requested by either party.''   A defendant is in no position to complain of the court's failure to instruct upon a point, even though it be pertinent to an issue, where no request was made that it instruct thereon.

We find no prejudicial error, and the judgment and order are affirmed.

Allen, P. J., and James, J., concurred.