(June 20, 1918.)

## L. M. BUMPAS, Respondent, v. CRAWFORD MOORE and SELMER LOWER, Appellants.

[175 Pac. 339.]

RECORD ON APPEAL—NEW TRIAL—ORDERS OF COURT DEEMED EXCEPTED TO—WHEN NOT REVIEWABLE ON APPEAL.

1. Where the record on appeal contains a transcript of evidence which is not settled and certified by the trial judge, his order overruling a motion for a new trial, based in part on the minutes of the court, cannot be reviewed, nor can such transcript be considered on appeal from the judgment.

2. Orders of the court which are not, by statute, made a part of the judgment-roll or of the papers required to be furnished on appeal, cannot be reviewed unless they are incorporated in a bill of exceptions or its equivalent.

3. In the absence of a certificate signed by the trial judge, clerk or attorneys showing what papers, records and files were used and considered by the court on the hearing of a contested motion, an order disposing of such motion cannot be reviewed upon appeal.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for damages for personal injuries. Judgment for plaintiff, from which, and from an order denying a motion for a new trial, this appeal is taken. *Affirmed.*

Cavanah & Blake and Perky & Brinck, for Appellants.

Counsel for the plaintiff should not have been permitted, over the objection of counsel for the defendants, to ask the defendants' witnesses impeaching questions on cross-examination when it appeared that such impeaching questions referred to testimony given at a former trial of the cause, which testimony was in writing. (Sec. 6083, Rev. Codes; *Boeck v. Boeck,* 29 Ida. 639, 161 Pac. 576; *Keane v. Pittsburg Lead Min. Co.,* 17 Ida. 17, 105 Pac. 60; *People v. Lambert,* 120 Cal. 170, 52 Pac. 307; *People v. Lee Chuck,* 78 Cal. 317, 20 Pac. 719; *People v. Ching Hing Chang,* 74 Cal. 389, 16 Pac. 201; *People v. Bartley,* 12 Cal. App. 773, 108 Pac. 868; *Lanigan v. Neelly,* 4 Cal. App. 760, 89 Pac. 441; *State v. Martin,* 47 Or. 282, 8 Ann. Cas. 769, 83 Pac. 849; *Hilbert v. Spokane Inter. R. R. Co.,* 20 Ida. 54, 116 Pac. 1116; *Osborn v. Cary,* 24 Ida. 158, 167, 132 Pac. 967; *People v. Lopez,* 21 Cal. App. 188, 131 Pac. 105; *Tonseth v. Portland Ry., L. & P. Co.,* 70 Or. 341, 141 Pac. 868; *Melzner v. Chicago, M. & St. P. R. Co.,* 51 Mont. 487, 153 Pac. 1019.)

L. W. Tennyson and Frawley & Koelsch, for Respondent.

"It is a common practice and no violation of the rule to ask a witness whether he testified to a given statement at another trial, without producing the record of such trial." (5 Jones' Commentaries on Evidence, sec. 847, pp. 220, 221; *Taylor v. State,* 110 Ga. 150, 35 S. E. 161; *Toplitz v. Hedden,* 146 U. S. 252, 13 Sup. Ct. 70, 36 L. ed. 961.)

MORGAN, J.—This record on appeal purports to contain a transcript of the evidence taken at the trial, which does not appear to have been settled or certified by the trial judge, as required by sec. 4443, Rev. Codes, as amended by sec. 4, chap. 118, Sess. Laws 1911, p. 378, and sec. 4434, Rev. Codes,

as amended by chap. 119, Sess. Laws 1911, p. 379, therefore, the order overruling the motion for a new trial, which was based, in part, upon the minutes of the court, cannot be reviewed. This leaves nothing for us to consider, except the judgment-roll on appeal from the judgment. (*Ray v. Ray,* 1 Ida. 705; *Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *Strand v. Crooked River Min. Co.,* 23 Ida. 577, 131 Pac. 5; *Wells v. Culp,* 30 Ida. 438, 166 Pac. 218.)

The record purports to contain a copy of a motion for, and of objections to, a continuance of the trial, together with copies of certain affidavits in support thereof and in opposition thereto, and of the minutes of the court showing the motion was granted. This is a nonappealable order and is assigned as error. The matter, however, is not before this court. The papers mentioned are not part of the judgment-roll (Rev. Codes, sec. 4456, as amended by Sess. Laws 1909, p. 76); neither are they part of the papers required to be furnished on appeal (Rev. Codes, sec. 4818, as amended by Sess. Laws 1911, chap. 117, p. 375); nor have they been incorporated in a bill of exceptions, nor in a properly settled and certified record on appeal from an order denying the motion for a new trial as required by secs. 4443 and 4434, *supra.* (*Ray v. Ray, supra; Ramsay v. Hart,* 1 Ida. 423; *Williams v. Boise Basin Min. Co.,* 11 Ida. 233, 81 Pac. 646; *Perkins v. Loux* (on rehearing), 14 Ida. 614, 95 Pac. 696; *Bissing v. Bissing,* 19 Ida. 777, 115 Pac. 827.)

There is no certificate in the transcript showing what papers, records or files were used and considered by the court on the hearing of either the motion for a continuance or for a new trial as required by sec. 4821, Rev. Codes and by Rule 24 of the rules of this court. (153 Pac. xi.) In the absence of such a certificate the orders complained of could not be reviewed, even if the other reason, above stated, did not exist. (*Dudacek v. Vaught,* 28 Ida. 442, 154 Pac. 995; *Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528; *Glenn v. Aultman & Taylor M. Co.,* 30 Ida. 719, 727, 167 Pac. 1163.)

We find no error in the judgment-roll which is the only portion of the record properly before us.

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.

(October 5, 1918.)

ON PETITION FOR REHEARING.

WITNESSES—IMPEACHING QUESTIONS.

4. Although an impeaching question propounded to a witness is improper, because the statements inquired about are in writing and have not been shown to him as required by statute, if his answer thereto is not contradicted, but the effort to impeach him is abandoned, no prejudicial error results from overruling an objection to the question.

[As to impeaching witnesses, see note in 14 Am. St. 157.]

MORGAN, J.—A petition for rehearing has been filed in this case, together with a showing that the transcript of evidence was, in due time, properly settled by the trial judge, the certification thereof being, by the mistake and neglect of the clerk and without fault of appellant, omitted from the record upon appeal; also for permission to file such certificate herein, and for an order directing the trial judge to further certify as to the papers used and considered on the motion for a new trial, that certificate to be likewise included in the record. The petition was granted to permit the correction of the record by attaching to the transcript of evidence the order settling the same, and that portion asking this court to direct the trial judge to certify to the papers, records and files used and considered on the hearing of the motion for a new trial was denied.

The record, in its present condition, presents for our consideration certain specifications of error involving rulings

upon appellant's objections to questions propounded to certain of his witnesses upon cross-examination.

It appears there had been a former trial of the cause, that appellant, Lower, and two other witnesses produced at the trial of the case here upon review had testified thereat, and that the stenographic notes of their testimony had not been transcribed. Upon cross-examination they were asked if they did not give certain testimony at the former trial, to which objections were made to the effect that since the statements inquired about were in writing, it must be exhibited to the witnesses before any questions of an impeaching nature could be propounded with respect thereto, as required by Rev. Codes, sec. 6083, which provides: "If the statements be in writing, they must be shown to the witness before any question is put to him concerning them." Appellants' objections were overruled, the questions were answered, no effort was made to contradict the answers, and it must be assumed they stated the truth.

Assuming, but not deciding, that a reporter's shorthand notes of testimony given at a previous trial constitute writing as contemplated by the statute above quoted, and that the cross-examination of these witnesses was improper and subject to the objections made, it is entirely clear that no prejudice resulted therefrom to appellants, since the effort to impeach their witnesses, and that was the only object of the questions, was abandoned and they were in no manner discredited by it.

Rev. Codes, sec. 4231, provides: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect." This court has frequently had occasion to refer to that section of the code for its guidance. Among the cases wherein its admonition has been obeyed are the following: *Bank of Troy v. Linford,* 4 Ida. 677, 43 Pac. 680; *Wheeler v. Commercial Bank of Moscow,* 5 Ida. 15, 46 Pac. 830; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485;

*Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884; *White v. Johnson,* 10 Ida. 438, 79 Pac. 455; *Fegtly v. Village Blacksmith Min. Co.,* 18 Ida. 536, 111 Pac. 129; *Rowley v. Stack-Gibbs L. Co.,* 19 Ida. 107, 112 Pac. 1041; *Smith v. Field,* 19 Ida. 558, Ann. Cas. 1912C, 354, 114 Pac. 668; *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997; *Richardson v. Bohney,* 26 Ida. 35, 140 Pac. 1106; *Empire Mill Co. v. District Court,* 27 Ida. 383, 149 Pac. 499; *Schultz v. Rose Lake L. Co.,* 27 Ida. 528, 149 Pac. 726; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629; *Smith v. Peterson, ante,* p. 34, 169 Pac. 290; *Strong v. Oregon Short Line R. R. Co., ante,* p. 48, 169 Pac. 179.

No prejudicial error appearing in the record before us, the decision heretofore rendered is adhered to.

Rice, J., concurs.

BUDGE, C. J., Dissenting.—I am unable to agree in all respects with the majority opinion. It appears that there had been a previous trial of this cause and the jury disagreed. During the trial resulting in the judgment from which this appeal is taken respondent's counsel over appellant's objection was permitted during cross-examination to question three of appellant's witnesses with reference to statements assumed to have been made by them when testifying at the former trial. In my opinion the objections should have been sustained, and the trial court erred in permitting any questions to be asked of either of the witnesses concerning their former testimony without first requiring the statements to be shown to the witnesses.

While a witness may be impeached by showing that he has made statements at other times inconsistent with his testimony, Rev. Codes, sec. 6083, requires that "if the statements be in writing, they must be shown to the witness before any question is put to him concerning them." The stenographic record, which is taken of the testimony during trials in the district court, is required by law (Rev. Codes, secs. 3980, 3982, 3983), and is a statement in writing within the meaning of

the foregoing section. (*People v. Ching Hing Chang,* 74 Cal. 389, at 393, 16 Pac. 201; *Nichols v. Harris,* 32 La. Ann. 646; *People v. Lee Chuck,* 78 Cal. 317, 20 Pac. 719; *People v. Bartley,* 12 Cal. App. 773, 108 Pac. 868; *People v. Lopez,* 21 Cal. App. 188, 131 Pac. 104, 105.)

The statute, requiring statements which are in writing to be shown to the witness before any question is put to him concerning them, is mandatory. The language of the statute is "they must be shown to the witness before any question is put to him concerning them." (*People v. Ching Hing Chang, supra.*) And it is error to permit any question looking to or savoring of impeachment, as to any statement in writing, over objection, unless the statement be first shown to the witness. (Cases cited, *supra;* also *Keene v. Pittsburg Lead Min. Co.,* 17 Ida. 179, at 189, 105 Pac. 60.)

In *Boeck v. Boeck,* 29 Ida. 639, at 645, 161 Pac. 576, 577, this court held that "The right to impeach a witness and the methods of impeachment are statutory, and if a witness is to be discredited in this manner, the statute must be conformed to."

In *Osborn v. Carey,* 24 Ida. 158, at 167, 132 Pac. 967, this court said: "The evident purpose of said question was to affect the credibility of the witness by showing that he had made a prior statement inconsistent with his present testimony given on the trial. If it was not for that purpose, it was entirely immaterial. . . . . The rule is well established that where a witness on cross-examination is to be examined as to prior inconsistent statements which are in writing, the writing must be first exhibited to the witness."

While it may be that a situation might arise where an error of this kind would not be sufficiently prejudicial to justify a reversal of the cause, I am of the opinion that, where, as in this case, a course is pursued throughout the cross-examination of three different witnesses of putting questions to the witnesses, clearly intended for the purpose of impeachment and to discredit the witness, over the continued objection of respondent and in open violation of the specific requirements

of the statute, it is impossible for this court to say that such a course resulted in no prejudice to respondent's case.

The judgment should be reversed and a new trial granted.