## THE NORTHWESTERN COAL CO. v. BOWMAN & CO.

1. **Banker's Check**: PRESENTMENT: DILIGENCE TO BIND INDORSER. The holder of a banker's check which is payable at a place different from that in which it is negotiated can recover against an indorser if he uses due diligence in forwarding it for presentment; and such diligence generally requires that he deposit it in the mail on the day on which it is received, or on the succeeding day. Accordingly, where plaintiff held the check in question for seven days before presenting it, *held* that it could not recover against the indorsers; and the fact that the drawer had no funds in the hands of the drawee when the check was drawn makes no difference.

2. ———: PROTEST: NOTICE: DILIGENCE TO BIND INDORSER. Notice of the presentment, non-payment and protest of a draft must be directed to the proper post-office of the indorser in order to bind him.

*Appeal from Ida Circuit Court.*

WEDNESDAY, JUNE 16.

ACTION against defendants on their indorsement of a draft drawn by a banker doing business at Odebolt, in this state, on the First National Bank of Chicago. Plaintiff recovered judgment in the circuit court, and defendants appealed. The material facts are stated in the opinion.

*W. A. Helsell,* for appellants.

*Gray, Warren & Buchanan,* for appellee.

REED, J.—Plaintiff is a corporation, engaged in mining and selling coal, at Moingona, Boone county, and defendants

are coal merchants at Odebolt, in Sac county.   On the thirty-first of October, 1883, defendants purchased from a banker, at Odebolt, a draft drawn by himself on the First National Bank of Chicago, for $592.47.   The draft was made payable to the order of defendants, and they indorsed it to plaintiff, and sent it by mail to plaintiff, who received it at Moingona on the same day on which it was drawn.   It was sent by defendants and received by plaintiff in payment of an indebtedness.   There was no bank at Moingona, and plaintiff kept its bank account with a banker at Boone, which is about six or seven miles from Moingona.   Plaintiff's manager kept the draft in his possession until the seventh of November, when he deposited it with the banker at Boone, who, on the same day, transmitted it by mail to the bank in Chicago with which he kept his account.   It was received by the Chicago bank on the morning of the 8th, and during banking hours on that day it was presented to the bank on which it was drawn for payment, but payment was refused, for the reason that the drawer did not then have sufficient funds on deposit with the bank to meet it.   On the day on which it was drawn, and on the following day, the drawer's account at the bank was overdrawn.   On the second day of November he had a small balance to his credit, but the amount was not sufficient to meet the draft; but on the third and fourth he had credit for a balance greater than the amount of the draft.   The fourth, however, was Sunday.   On the fifth this balance was reduced by the payment of other drafts to a sum less than the amount of the draft, and on that day the drawer closed his banking house, and made an assignment for the benefit of creditors.

Moingona and Boone are situated on a line of railroad on which there is a daily mail to Chicago.   Plaintiff received the draft at five P. M., on the thirty-first of October, which was after the mail for that day had passed; but if the draft had been placed in the mail at Moingona or Boone before four P. M., on any day between that and the seventh of No-

vember, it would, in the ordinary course of the mails, have been received in Chicago the next morning. The draft was protested on the day on which it was presented, and payment refused; and the notary certified that within forty-eight hours from the time of such protest he placed a notice in the post-office, at Chicago, directed to defendants, at Boone, Iowa, in which they were informed that the draft had been presented, and payment thereof refused. This certificate was admitted in evidence on the trial, but there was no other proof of notice to defendants of the dishonor of the draft. The excuse given by plaintiff for its failure to have the draft presented for payment at an earlier date is that its manager at Moingona was also the superintendent of its coal mine, and that the demands of his employment were such that he could not, without detriment to the business, go to the bank at Boone oftener than once or twice in a week; and that it was his practice, when he received drafts from their customers, to hold them until a number had accumulated, and then take them to Boone, and deposit them with their banker; and that he followed this practice in the present instance. There is no conflict in the evidence as to the facts here enumerated, and they are all the material facts of the transaction; and we are of the opinion that plaintiff is not entitled to recover on these facts.

I. The draft was drawn upon a banker, and purported to be drawn upon funds deposited, and was payable on demand. It is therefore regarded as a banker's check. *Roberts v. Austin*, 26 Iowa, 315; Daniel, Neg. Inst., §§ 1566–1570. The holder of a check which is payable at a different place from that in which it is negotiated can recover against an indorser, if he uses due diligence in forwarding it for presentment. The general rule is that he must deposit it in the mail on the day on which it is received, or on the next succeeding day. *Veazie Bank v. Winn*, 40 Me., 60; *Smith v. Janes*, 20 Wend., 192; *Smith v. Miller*, 43 N. Y., 171; Chitty, Bills, (8th Ed.) 420. This

*1. BANKER'S check: presentment: diligence to bind indorser.*

rule, however, may be varied by the particular circumstances of the case. The presentment, however, must be made, in every case, with all the dispatch and diligence consistent with the transaction of other commercial concerns. *Mohawk Bank v. Broderick*, 10 Wend., 304. This was not done by the plaintiff in the present case. They retained the draft for seven days in their possession, for no other reason than that they chose to send it forward through the local bank with which they did business, and it did not suit their personal convenience to deposit it at an earlier date. This clearly was not the exercise of that degree of diligence required by the law with reference to such transactions. The finding that they did act with due diligence, which is necessarily implied from the judgment of the court below, is not binding upon us. There was no dispute or controversy as to the facts of the transaction. The question is therefore one of law, rather than one of fact, upon which the finding of the trial court would be conclusive, (Pars. Bills & Notes, 443; Daniel, Neg. Inst., §§ 466, 1100; Edw. Bills, 546;) and it makes no difference, we think, as between these parties, that the drawee had no funds on deposit when the draft was drawn.

II. But there is another insuperable difficulty in plaintiff's case. Immediate notice to defendants of the refusal of

2. ———: pro-test: notice: diligence to bind indorser.

the Chicago bank to pay the check was as essential to fix their liability on the indorsement as was due presentment and demand of payment. As stated above, the only evidence given on the trial of such notice was the certificate of the notary who protested the draft. But this shows that the notice was directed to defendants at Boone, in Boone county, while their post-office was Odebolt, in Sac county. This is clearly insufficient. Daniel, Neg. Inst., § 1022.

The judgment of the circuit court must be

REVERSED.