(November 14, 1896.)

## WHEELER v. COMMERCIAL BANK OF MOSCOW.

[46 Pac. 830.]

DEPOSITOR—DEMAND AGAINST A BANK WHICH HAS FAILED UNNECESSARY.—The failure to allege and prove a demand in an action by a depositor against a bank, which has failed, is not ground for reversal of judgment, where the record shows such demand would have been fruitless and unavailing.

NONPRESENTATION OF DRAFT AT DRAWEE BANK—EFFECT AS DEFENSE TO ACTION.—Plaintiff procured of defendant bank, within a short time of the failure of the bank, two drafts, giving their checks therefor, upon funds deposited by them with the bank. The drafts were not accompanied by the payees therein, but were returned to plaintiffs by due course of mail, not having been presented at drawee bank. *Held*, that in an action by plaintiffs to recover amount due them from said bank, including amount of said drafts, the failure of plaintiffs or the payee in the draft to present them at the drawee bank for payment, and have them duly protested was not, in the absence of any proof that defendant had been damaged by such remissness, under the statutes of Idaho, a defense to plaintiff's action.

SECTION 4231 OF THE REVISED STATUTES CONSTRUED.—Section 4231 of the Revised Statutes of Idaho commented upon and applied.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, for Appellant.

It is an elementary principle of law that before a general depositor of a bank can institute action for the balance of his deposit, he must make demand for it. (Idaho Rev. Stats., sec. 4059, 4212; Boone on Banking, secs. 46, 39, 40; 2 Am. & Eng. Ency. of Law, p. 101, and cases; *Branch v. Dawson,* 33 Minn. 399, 23 N. W. 552.) The complaint further does not aver facts which would excuse such demand. It is a universal rule, that he who would bring himself within an exception must plead himself within the exception. (*Senter v. Davis,* 38 Cal. 450; Fitnan on Trial Procedure, 505.) It is held that the presentation of a check, demand or order for the balance due a general depositor of a bank to enable him to institute his action, is a condition precedent thereto. This being the case we

contend that where the right of a party to maintain an action depends upon the performance of a condition precedent, such party must either plead the performance of the condition or must plead facts showing the waiver thereof (4 Ency. of Pl. & Pr. 629, 631; Maxwell's Code Pleading, 80, 81; Baylies' Code Pleading and Forms, 36, 136, 137; Bliss on Pleading, 2d ed., sec. 287, c. 421, Moak's Van Santvoord's Pleadings, 3d ed., 180, 236.) It has been held, and we think correctly, that the insolvency of the drawer of commercial paper does not and cannot excuse presentation thereof, but only excuses due diligence in making such presentation. (5 Am. & Eng. Ency. of law, 528, 90; *Thompson v. Armstrong,* 1 Ill. (Breese) 48; *Smith v. Miller,* 52 N. Y. 545.)

Sweet & Steele, for Respondents.

Admitting the claim of defendant that a demand is necessary in cases between a depositor and a bank while the bank is still conducting its business, yet when a bank closes its doors and ceases to do business no demand is necessary before commencing the action. (1 Wait's Pleadings and Defenses, sec. 9, p. 504; *Watson v. Phoenix Bank,* 8 Met. 217, 41 Am. Dec. 500; 2 Am. & Eng. Ency. of Law, 101, note 1; *Cooper v. Mowrey,* 16 Mass. 7.) The failure to plead a demand made by the depositor upon a bank, where it is shown by the evidence without objection that the bank has failed, and that a demand would therefore be useless, does not affect the substantial right of the adverse party. As before stated, where evidence is admitted without objection, which proves certain facts to be true that were not alleged in the complaint, the omission is cured by the introduction of such testimony. (*Western Union Tel. Co. v. Longwill,* 5 N. Mex. 308, 21 Pac. 339; *Harkness v. McClain,* 8 Utah, 52, 29 Pac. 964; *Cox v. Delmas,* 99 Cal. 104, 33 Pac. 836; *Parrott v. Byers,* 40 Cal. 622.)

HUSTON, J.—There appears to be no dispute as to the facts in this case. They are, briefly, as follows: The defendant was on the nineteenth day of March, 1895, and for some time previous had been, engaged in the banking business in the town of Moscow, Idaho. The plaintiffs were customers and depositors

of said bank.  On the twelfth day of March, 1895, plaintiffs, then having a balance to their credit in said bank, procured therefrom a draft upon the Chase National Bank of New York City, for the sum of $500; and on the nineteenth day of March, 1895, plaintiffs procured from said defendant another draft upon the said Chase National Bank for the sum of $500. For both of these drafts plaintiffs gave checks.  At the time the last draft was procured, about 3 o'clock P. M. on the nineteenth day of March, 1895, the plaintiffs had a deposit in said Commercial Bank of Moscow of $1,109.92.  The defendant bank closed its doors on the 19th of March, 1895.  Soon thereafter both said drafts were returned to plaintiffs by the payees named therein, with a slip pasted thereon, containing the news, "Bank Failed."  On the twenty-ninth day of March, 1895, this action was brought by plaintiffs for the recovery of $1,099.92, the amount claimed by plaintiffs to be due them from the defendant, including the amount of said two drafts. To this claim of plaintiffs, defendant interposes numerous defenses.  It is claimed that the action is not brought in the name of the real parties in interest; that it does not appear that said drafts have ever been assigned by the payees therein named to plaintiffs; that no demand is alleged in the complaint or was proven upon the trial; that it is not alleged in the complaint or proven in the trial that said drafts had ever been protested.  These propositions are elaborated largely by defendant in its brief, which is a very marvel of legal ingenuity and kaleidoscope transformations.  It is seldom we are presented with so complete a superstructure of legal technicalities.  But the record shows us this cold array of facts: On the twelfth and nineteenth days of March, 1895, the plaintiffs, as customers of the defendant bank, had on deposit with said bank, subject to the check or call of plaintiffs, the sum of about $1,109.92; that on those days plaintiffs drew their checks against that sum for the amount of $1,000, and received therefor two drafts of $500 each upon the Chase National Bank of New York, which they forwarded to the payees therein named, and which said drafts were returned by due course of mail to plaintiffs, without acceptance, and with a

slip attached, containing the words "Bank Failed." Plaintiffs had paid $1,000 for these drafts, and at the time one of them, at least, was issued, the defendant well knew it was exceeding its limits in making the draft, for it closed its doors and ceased doing business within an hour after issuing it.

We are admonished by section 4 of our Revised Statutes that our statutes "are to be liberally construed, with a view to effect their objects and promote justice." We are unable to discern wherein or how justice would be promoted by allowing the defendant corporation to avoid the payment of a debt which, as matter of fact, it admits it owes, because some custom of bankers or technical rule of law has not been observed by the creditor. We can see but little cogency in the claim that no demand is alleged or proven. The defendant closed its doors permanently within an hour after the issuance of the last draft. Where and of whom should a demand be made? Not of the president of the bank surely. He is not the bank. Nor of any other officer of the institution. It could only be made of the bank by shouting through the keyhole, and, had that course been resorted to, we doubt not the answer of defendant would have bristled with technical objections against such procedure. No demand was necessary, for it would have been, as the record clearly shows, one of those vain and useless things which the law does not require. And the same may be said of the want of presentation of the drafts at the Chase National Bank. It would have been a vain and useless thing. The attempt by defendant to create an impression that, if presented, the drafts would have been paid, is a failure. The testimony fails to establish any such thing. There is no pretense that the defendant has been damaged by any alleged remissness of plaintiffs. As we have before said, the record, when analyzed, shows a naked attempt to avoid the payment of a just debt through the technicalities of the law; and, whatever the result might be in other jurisdictions, we have the positive inhibition contained in section 4231 of our Revised Statutes, which is as follows: "The court must in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment will be re-

versed or affected by reason of such error or defect." However much respect we may have for the numerous authorities cited by the counsel for defendant, we cannot recognize them as having more binding force upon us than our own statutes. The judgment of the district court is affirmed, with costs,

Morgan, C. J., and Sullivan, J., concur.