[Civil No. 1706.   Filed June 14, 1919.]

[181 Pac. 464.]

EMPIRE–ARIZONA COPPER COMPANY, a Corporation, and EMPIRE–ARIZONA CONSOLIDATED COPPER COMPANY, a Corporation, Appellants, v. R. W. SHAW, Appellee.

1. BILLS AND NOTES—PRESENTATION OF CHECK—STATUTE.—By negotiable instrument law, a check must be presented for payment within a reasonable time after its issue, although not at the earliest opportunity, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay.

2. BILLS AND NOTES—PRESENTATION OF CHECK FOR PAYMENT—SUFFICIENCY OF EVIDENCE.—In an action against the drawers of a check,

evidence *held* to sustain the trial court's finding that plaintiff payee presented the check to the bank on which it was drawn for payment within a reasonable time after its issue.

3. APPEAL AND ERROR—REVIEW—FINDING ON CONFLICTING EVIDENCE.— A conclusion of fact reached by the trial court on conflicting evidence will not be disturbed by the supreme court.

4. BILLS AND NOTES—PRESENTATION OF CHECK FOR PAYMENT—QUESTION OF FACT.—Whether plaintiff, payee of a check, presented it for payment to the bank on which it was drawn within a reasonable time under the circumstances *held* a question of fact.

5. BILLS AND NOTES—LIABILITY ON CHECK.—The drawers of a check were liable to the payee where he within reasonable time presented it for payment to the bank on which it was drawn, and the bank requested him to return later for payment, as it was short of cash; the payee then going elsewhere and depositing the check for collection when the drawee bank had become insolvent.

6. PAYMENT—CHECK — ACCEPTANCE AS PAYMENT.—A debt was not paid, by the issuance by the debtors of a check to the creditor, unless as a fact the creditor accepted the check as final payment.

7. BILLS AND NOTES—DELAY IN PRESENTING CHECK.—From the fact that when debtors drew a check for the debt and delivered it to the creditor they had funds in bank sufficient in amount to pay the check, but the debtor did not seek to collect it through another bank until the drawee bank had become insolvent, no inference can be drawn that the debtors suffered a loss because of the creditor's unreasonable delay in presenting the check for payment so as to release them from liability on the check to him.

[As to presentment and notice of nonpayment, see note in 17 Am. St. Rep. 807.]

APPEAL from a judgment of the Superior Court of the county of Yavapai. John J. Sweeney, Judge. Affirmed.

Messrs. Clark & Clark, for Appellants.

Mr. A. H. Favour, for Appellee.

CUNNINGHAM, C. J.—The appellee performed services as a miner for the appellants in and about the sinking of a certain mining shaft on the mining properties of appellants. On the thirty-first day of May, 1917, the appellee and appellants determined and agreed that appellants owed to appellee the sum of $218.39, and therefore delivered to appellee a check drawn on the Commercial Bank of Parker, at Parker, Arizona. On the first day of June, 1917, appellee, R. W.

Shaw, presented the check to said bank for payment. At the time the check was so presented for payment, the appellants had an account with said bank and a fund sufficient in amount to pay said check.

The check was not paid by the bank, and the parties do not agree as to the reason why the check was not paid at the time it was presented. The payor of the check, Commercial Bank of Parker, became insolvent and suspended business on June 10, 1917, and plaintiff's check was never paid.

This action was commenced by the holder of the check, R. W. Shaw, the appellee, on or about the 27th day of July, 1917, against the drawers of the check, to recover the amount of the check, $218.39, with interest thereon at the legal rate, and costs.

The defendants first pleaded payment, satisfaction, and discharge of the debt; then, in other later pleadings, they set forth that:

"Plaintiff was negligent in cashing and collecting the said check, and wholly lacking in ordinary diligence, and that if any loss or damage has resulted to plaintiff, it is wholly due to his own negligence and lack of diligence in presenting and cashing said check."

The cause was tried before the court without a jury, and the court rendered judgment for the plaintiff for the amount claimed. From an order refusing a new trial, and from the judgment, the defendants appeal.

The appellants assign as error the rendering of said judgment for the plaintiff for the reasons as follows:

"(1) Because appellee was bound to present the check given to him at the earliest opportunity; that he had presented it at the bank when the money was tendered him in full, and that he refused it because the bills were of smaller denomination than he wished to carry to Los Angeles.

"(2) The court erred in rendering said judgment, because there is no evidence of any valid promise on the part of appellants to make good said check to appellee.

"(3) The court erred in overruling appellants' motion for a new trial, for the reasons above stated."

One of the controversies at the trial was the inquiry into the circumstances under which plaintiff failed to get the money from the bank on the first day of June, 1917. All parties concede that plaintiff was in the bank with the check

on that date, and that some officer or employee of the bank examined the check, and did not object to payment because the drawer, the appellants, were short of funds with which to pay. The appellants contended at the trial that the bank offered to pay the check, and produced currency in bills of small denomination, which the plaintiff did not wish to accept, and, being informed by the bank that it then had no larger bills, plaintiff asked to have the check returned to him, which was done, and he thereupon indicated that he would take the check with him to Los Angeles, and there collect it through a bank at that city; that plaintiff did not deposit the check in a Los Angeles bank for collection until after the 10th day of June, 1917, on which date the Commercial Bank of Parker became insolvent. The appellants produced substantial evidence tending to support their said contention.

On the other hand, the plaintiff contended that when he, in person, presented the check to the said payor bank on the first day of June, 1917, at Parker, the person representing the bank at the time of such presentation of the check stated to plaintiff that heavy demands had been made of the bank's supply of cash, and that they had paid out so much money during the day that they did not have on hand a sufficient amount of money with which to cash this particular check at that time, and suggested to plaintiff that the bank would receive, during the night following, plenty of money, and if he, the plaintiff, would return with the check on the next morning, June 2, 1917, that the bank would then pay the check. The appellee did not wait until the next day, but proceeded to Los Angeles, and then on the ninth, tenth or eleventh day of June, 1917, he deposited the check with a bank for collection. Plaintiff did not know that the Commercial Bank of Parker became insolvent until after he had deposited the check with the Los Angeles bank.

The plaintiff produced substantial testimony tending to establish all of such disputed facts.

"A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." Paragraph 4331, Rev. Stats. Ariz. 1913, Negotiable Instruments Law.

Under the conflicting evidence, the trial court has necessarily determined that the plaintiff presented the check to the

bank within a reasonable time after its issue. The determination of that fact is wholly within the province of the court trying the facts; and the evidence, while conflicting on that question, amply sustains the conclusion reached, and, as a consequence, the conclusion reached on conflicting evidence will not be disturbed by this court because of such conflict.

The holder of the check was not bound to present it for payment "at the earliest opportunity," as contended by appellants, but he was bound to present the check for payment "within a reasonable time after its issue" to prevent the discharge of the drawer to the extent of loss arising from unreasonable delay. Paragraph 4331, *supra.* Whether the plaintiff did present the check for payment within a reasonable time in the circumstances here shown was a question of fact, and that question has been determined adversely to the appellants.

The appellants insist that the judgment is erroneous because the bank offered to pay the check and the holder of the check refused to accept the kind of money he was offered by the bank. This contention, like the former, was necessarily decided against the appellants. On this dispute, the evidence was also conflicting, as indicated above. The court necessarily found that the bank requested the holder of the check to return later for payment, as plaintiff's evidence tends to prove.

The second statement of error, to wit, "The court erred in rendering said judgment because there is no evidence of any valid promise on the part of appellants to make good said check to appellee," is set forth upon the theory that the appellee's debt, owing by appellants, was paid, satisfied and discharged by them by the issuance of a check to their creditor. Such is not the law, unless, as a fact, the creditor accepts the check as final payment. The appellants do not claim that the appellee did accept the check as a final payment, but they insist that appellee sustained a loss because he failed to use ordinary diligence in presenting his check to the bank for payment. The appellants nowhere directly contend that they, the drawers of the check, lost anything because of the plaintiff's failure to present the check for payment within a reasonable time after they issued the check and delivered it to him. The bank suspended business a short time after the check was issued, and the appellants had a fund

with the bank subject to the said check, and sufficient in amount to pay the check at the time the bank became insolvent, and from such facts the inference may be drawn that the appellants lost a portion of their said funds by such insolvency, but no inference can be drawn from such facts that the appellants suffered a loss because of the appellee's unreasonable delay in presenting the check for payment. The appellants nowhere directly claim a loss from such cause.

Upon the whole case, we find no reversible error on the record. As a consequence, the judgment must be affirmed.

ROSS, J., concurs.

NOTE.—Judge BAKER having been of counsel in the case, he, therefore, took no part in this decision.