[L. A. No. 6913. In Bank.—February 23, 1922.]

## J. H. RYCKMAN, Respondent, v. FOX FILM CORPORATION (a Corporation), Appellant.

[1] CHECK—STOPPING PAYMENT—TRANSFER IN DUE COURSE FOR VALUE —FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action to recover the amount of a certain check, payment of which was stopped by the drawer, it is held that the evidence is sufficient to support the findings that the plaintiff took the check in due course and as a holder for value and that he did not take or hold the same as an agent of the drawer.

[2] ID.—EVIDENCE—CONSIDERATION FOR CHECK.—The statement of the witness in such a case that the consideration for the check in suit was professional services rendered and to be rendered by him was a statement of a fact and not a mere legal conclusion.

[3] ID. — GIVING CHECK FOR SPECIFIC PURPOSE — CONSIDERATION. — In such a case, where the inference may reasonably be drawn from the evidence that it was the intention of the parties that the plaintiff should deposit the check to his credit and issue his own checks in payment of obligations of the indorser, the result is that the former was not merely acting as the disbursing agent of the latter, but was in the position of one who had given value for value.

[4] ID. — DELAY IN PRESENTING CHECK — BURDEN OF PROOF. — The burden is upon the drawer of a check, which has been delayed in presentment, to show that he has been injured by the delay.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

3. Effect of exchange of commercial paper to constitute one a holder in due course for value, note, 17 L. R. A. (N. S.) 747.

Alfred Wright and Alexander Macdonald for ·Appellant.

J. H. Ryckman and Cornelius M. Enns for Respondent.

THE COURT.—This is an appeal from a judgment in the plaintiff's favor in an action to recover the amount of a certain check for the sum of $750 issued by the defendant to Goldstein Company, a corporation, and by the latter, through its president, Robert Goldstein, indorsed, assigned, and delivered to the plaintiff, and upon which check payment was stopped by the defendant. The answer admitting the making and issuance of said check, but alleged in substance that the same had been issued by the defendant under a misapprehension and mistake as to the amount due by it to the Goldstein Company, there being, in fact, at the date thereof, only due to the said Goldstein Company the sum of $17.50, and that as to all above said sum the check was without consideration. The defendant further alleged that the said Goldstein Company knew of this fact and took and received said check with full knowledge that it was being issued under a mistake of fact and was without consideration; and the defendant also alleged that the plaintiff at the time of the assignment and delivery to him of said check by the Goldstein Company was informed by it that the said check had been issued to it under said mistake of fact and that same was without consideration, and took said check with full knowledge of said facts. For a further and separate answer and defense the defendant repeated by reference the foregoing averments of its answer and further alleged that the said Goldstein Company delivered the said check to the plaintiff for the purpose of having him cash the same and pay certain debts and obligations of said corporation on its behalf, and that in so receiving said check and in all things done by him with reference thereto the plaintiff was acting as the agent of said corporation, and his acts were the acts of said corporation. Wherefore the defendant prayed that the plaintiff take nothing by his said action.

The cause came on for trial on the issues as thus framed, and upon the submission thereof the court filed its findings of fact and conclusions of law and in so doing found that it was not true, as alleged in the defendant's answer, that said Goldstein Company delivered said check to the plaintiff

for the purpose of cashing the same for or on behalf of said Goldstein Company and paying certain of its debts and obligations, or that the plaintiff received said check as the agent of said corporation for the purpose of paying said or any of its debts or obligations, or that in the presentation of said check for payment the said plaintiff was acting for or as the agent of said corporation; but, on the contrary, the court found that the plaintiff received said check in good faith for a valuable consideration and in due course and was the owner and holder thereof. The court, however, also found that at the time of the making and delivery of said check by the defendant to the Goldstein Company the defendant believed and was of the impression that it was indebted to said Goldstein Company in said sum, but that the fact was that the defendant was then indebted to said Goldstein Company in the sum of but $17.50, and that said check for the sum of said $750 was delivered by it to said Goldstein Company under said mistake of fact and that there was no consideration for said check or for the amount of money named therein or the supposed debt evidenced thereby. The court further found that it was not true, as alleged in defendant's answer, that at the time said Goldstein Company delivered said check to the plaintiff he was informed by it that said check had been issued under a mistake of fact or without consideration, nor was it true that said plaintiff took said check with full or any knowledge of the facts and circumstances or any of them surrounding the execution and delivery of said check by the defendant to the Goldstein Company. As a conclusion of law from the foregoing findings of fact the court found that the plaintiff was the owner and holder of the check in due course for value and in good faith and was entitled to recover from the defendant the full amount of $750, with legal interest from the date of its delivery to him, together with his costs. Judgment was entered accordingly, and it is from such judgment that this appeal has been taken.

The appellant's main contention upon this appeal is that the evidence is insufficient to sustain the finding of the trial court to the effect that the respondent took the check in question for value and not as the agent of the indorser for the purpose of paying certain debts and obligations of the latter out of its proceeds. The contention of the appellant

188 Cal.—18

in that regard is that the undisputed evidence shows that
the respondent did take the check in question for said pur-
poses and as the agent of its indorser, and hence took the
same subject to the defense of lack of consideration which
could have been urged against its immediate payee. The
evidence thus relied upon is that of the respondent himself,
which is in substance as follows: Mr. Ryckman, who was and
is an attorney, testified that the check was indorsed and
delivered to him by Goldstein Company through its presi-
dent, Robert Goldstein, who, it was admitted, had authority
to indorse and deliver the same. When asked the question,
"What was the consideration for this check," he answered:
"Professional services rendered and to be rendered in the
matter of the United States v. Goldstein then pending in
the federal court." Upon cross-examination he was asked
the question: "For what other purposes was that check de-
livered to you besides in payment for your services?" To
which he answered: "No other purposes." No other ques-
tions were asked upon cross-examination of the plaintiff, who
thereupon rested his case. The defendant, in support of its
defense, introduced a deposition of the plaintiff taken at its
instance during the pendency of the case, wherein the plain-
tiff in response to the question: "What did you pay for the
check?" answered: "It was given to me in consideration of
legal services, and to pay certain bills of Goldstein's which
he directed me to pay, he being in jail." He further tes-
tified: "He requested me to pay at the Hellman Bank two
hundred and twenty-five dollars to meet checks that he
had issued against that bank that he thought were about
due to be presented to the bank, which I did. He directed
me to pay twenty-five dollars to get a brief on the historical
points involved in 'The Spirit of Seventy-Six' from some
competent person and he directed me to pay two hundred
and fifty dollars to Blakeley, who is an attorney of Gold-
stein's in this case of his, upon account of his fees. I de-
posited the check to my credit in the California Savings
Bank and immediately issued checks against it, as directed
by Mr. Goldstein." He further replied in response to a
question as to what the balance of $250 was to be applied to:
"Two hundred and fifty dollars was to be applied to my
fees for services rendered and to be rendered." He further
testified that the checks which he had issued in payment of
the several amounts as requested by Goldstein had all been

cashed, with the exception of one, which he had succeeded in stopping payment upon after being notified that payment had been stopped upon the Goldstein check. This constituted all of the evidence in the case upon this point.

[1] The trial court found it sufficient to base its finding upon to the effect that the plaintiff took said check in due course and as a holder for value and that he did not take or hold the same as an agent of the Goldstein Company. We are of the opinion that the foregoing evidence is sufficient to sustain this finding of the trial court. The chief assault which the appellant makes upon this evidence consists in its claim that the reply of the plaintiff to the question as to what was the consideration of said check, that ''It was professional services rendered and to be rendered to Mr. Goldstein in the matter of the United States v. Goldstein then pending in the federal court,'' is a mere conclusion of the witness which is of no weight as evidence and which is entirely overcome and destroyed by his later answer upon the taking of his deposition that in addition he was requested by Mr. Goldstein to pay certain of his outstanding bills and obligations amounting in the aggregate to something like $500. [2] We cannot agree with the appellant's contention in this regard. The original statement of the witness that the consideration of this check was professional services rendered and to be rendered by him was a statement of a fact and not a mere legal conclusion. It was in effect a statement that the witness had rendered and was to render certain valuable professional services to the party delivering said check to him. It was as much a statement of fact as would have been his statement that the consideration of said check was money paid or goods delivered or property transferred. The plaintiff's answer might have been objected to by the defendant as a mere conclusion of the witness and it might have moved to strike it out upon that ground, but no such objection or motion was made. The defendant had also the recourse of subjecting the plaintiff to cross-examination with a view of ascertaining whether the relation of attorney and client actually existed between the parties, or whether any professional services had in fact been or were to be performed, or what, if anything, was their value; but no such inquiry was made by the defendant upon cross-examination, and this being so, we think the

o

response which the plaintiff made in answer to the inquiry as to what was the consideration for the delivery of the check to him is not now open to the objection that it was a mere legal conclusion and of no weight or value as evidence. The case of *Winslow* v. *Glendale L. & P. Co.,* 164 Cal. 688 [130 Pac. 427], cited by the appellant in support of its contention in this regard, in nowise supports it. There a certain witness was asked for whom he was working, and over the objection of the defendant was permitted to testify that he was "working for the Glendale Light and Power Company." It was held that this was a conclusion of the witness and as such inadmissible over objection in accordance with long and well-settled rules of evidence. But no such objection was urged in the instant case, nor was any attempt made by cross-examination or otherwise to show that the plaintiff was not the attorney of the person delivering him the check or that he had not performed or was not to perform professional services as such for the full or even greater value than the amount of the check. On the contrary, it stands as an admitted fact in the action that the plaintiff was at the time the attorney of Goldstein and that as to a considerable portion of the amount named in said check it was given to him on account of his services as such attorney. To that extent at least the check was given him for value. Nor do we think that the effect of this evidence was materially weakened by the subsequent showing made by the defendant upon the reading of the plaintiff's deposition that at the time the check was given to the plaintiff he was requested to pay certain obligations of his client, Goldstein. This portion of the transaction must be regarded from the viewpoint and attitude of the parties as disclosed by the meager record before us. Goldstein was in jail; the check in question was drawn upon the Hollywood Bank. He had overdrawn his account at the Hellman Bank, which was neither the bank upon which this check was drawn nor the bank where the plaintiff had his own checking account. **[3]** It is not an unreasonable inference that the intention of these two parties to this transaction was that the plaintiff should do that which the undisputed evidence shows he actually did do, viz., that he should deposit this check to his credit in his own bank and issue his own checks in payment of his client's obligations. If this was the actual understanding of the parties, then the plain-

tiff was as a result thereof substantially in the position of exchanging his own checks for the check given to him by his client.  In this attitude he would not be merely acting as his client's disbursing agent but rather in the position of one who has given value for value, as much so, in fact, as he would be if he had either delivered directly to his client his own checks in return for that indorsed and delivered to him or if he had paid to the indorser of the latter its value in money.  (*Matlock* v. *Scheuerman,* 51 Or. 49 [17 L. R. A. (N. S.) 747, 93 Pac. 823]; *Russell* v. *Hadduck,* 8 Ill. (3 Gilm.) 233 [44 Am. Dec. 693]; *Adams* v. *Soule,* 33 Vt. 538.)  The trial court was entitled to draw these inferences from the evidence in this case, and apparently did so, in view of its finding that the plaintiff was not the agent of Goldstein in receiving said check for the purposes for which he did receive it and in the presentation of the same for payment.  The trial court also found upon sufficient evidence that the plaintiff had received the check in question in good faith and without notice of its infirmities. We are not disposed to disturb these findings upon this appeal.

The appellant makes the further contention that the check in question, having been made and delivered to Goldstein Company by the defendant on December 19, 1917, and not having been indorsed or delivered by its said payee to the plaintiff until March 7, 1918, the check was a stale check of which the respondent could not be held to be a holder in due course.  In support of this contention the appellant cites us to sections 3134 and 3266b of the Civil Code (Stats. 1917, pp. 1540, 1560), which require that instruments payable on demand should be negotiated within a reasonable time. No evidence was presented in this case by either party showing the cause of the delay in presentment of this check nor by the defendant offering any proof as to any loss occasioned to it by the delay.  On the contrary, the evidence clearly showed that had said check been presented for payment immediately after its issuance it would have been paid by the bank upon which it was drawn, since the defendant did not discover that it had been issued through its misapprehension and mistake as to the amount due the Goldstein Company until just before the date of its actual presentation, and did not, prior to such discovery, stop its payment.

Section 3265b of the Civil Code, as enacted in 1917 (Stats. 1917, p. 1559), reads as follows: "A check must be presented for payment within a reasonable time after its issuance or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." This present section of the Civil Code is substantially identical with section 3255 thereof as it stood prior to the passage of the Uniform Negotiable Instruments Act of 1917 (Stats. 1917, p. 1531), which embraces the foregoing provision in its present form. Both the former and present provisions of the Civil Code upon this subject were taken in almost their identical language from the Field draft of the New York Civil Code, section 1826, which was itself based upon the law-merchant as it had long existed, relating to delays in the presentment of checks for payment. The supreme court of the United States in the case of *Merchants' Bank* v. *State Bank,* 10 Wall. (U. S.) 604 [19 L. Ed. 1008], and *Bull* v. *Bank of Kasson,* 123 U. S. 105 [31 L. Ed. 97, 8 Sup. Ct. Rep. 62, see, also, Rose's U. S. Notes], declare the rule of the law-merchant to be that the drawer of a check is only entitled to be discharged from liability thereon to the extent that he can show that he has sustained damage or been prejudiced in his rights by the delay. (See, also, Story on Promissory Notes, sec. 491.) [4] In the case of *German American Bank* v. *Wright,* 85 Wash. 460 [Ann. Cas. 1917D, 381, 148 Pac. 769], the supreme court of Washington, construing sections of the Uniform Negotiable Instruments Act of that state, which are identical with the sections of the like act in this state, declares the rule to be that the burden is upon the drawer of a check, which has been delayed in presentment, to show that he has been injured by the delay. No such proof having been presented by the appellant in the instant case, its contention in this regard is without merit.

Judgment affirmed.

Richards, J., *pro tem.,* Wilbur, J., Lawlor, J., Waste, J., Sloane, J., Shaw, C. J., and Shurtleff, J., concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on March 23, 1922:

THE COURT.—The petition for rehearing is denied.

The question as to whether the check upon which recovery was sought by the plaintiff herein was a stale check so as to destroy its negotiability was not put in issue by the pleadings herein, nor does it appear to have been presented upon the trial, nor was it urged by the appellant until its reply brief was filed. The record herein shows that by stipulation all evidence offered and admitted upon the trial of the cause was omitted from the record upon appeal, excepting only the evidence touching the question as to whether the plaintiff took said check as the agent of the drawee or as a transferee thereof for value. This being so, we are unable to say that there was not sufficient evidence before the trial court to fully explain and excuse the delay in the presentation of said check for payment and to show that such delay was not unreasonable under the particular circumstances of the case.

Richards, J., *pro tem.*, Sloane, J., Shurtleff, J., Lawlor, J., Shaw, C. J., and Wilbur, J., concurred.