(No. 4728.   July 14, 1927.)

## G. E. SIMS, Doing Business as SIMS MOTOR SALES CO., Appellant, v. LESLIE HUNTER, Respondent.

[258 Pac. 550.]

REPLEVIN—BILLS AND NOTES—DIRECT FINDING ON ISSUE OF OWNER-
SHIP — PRESUMPTION OF PAYMENT — SALES—PAYEE'S FAILURE TO
PRESENT CHECK—EXTENT OF LOSS—BURDEN OF PROOF.

1. Recital in judgment in replevin action that at time of commencement of action defendant was owner of property described in complaint and entitled to possession thereof *held* to constitute a direct finding on issues of ownership and right to possession.

2. It will be presumed, in absence of a contrary showing, that there were adequate funds to pay check on deposit at time check was given.

3. Under C. S., sec. 6053, defendant in replevin action for automobile, having asserted as a special defense default of payee in presenting check given in payment of automobile within reasonable time, burden was on defendant drawer to prove both the fact and extent of his loss, precluding his escape from specific liability on checks on failure to prove such loss.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County.   Hon. George W. Edgington, Judge.

Action in replevin.   Judgment for defendant.   *Reversed.*

F. L. Soule, for Appellant.

When the complaint in replevin does not allege its cause of action in general terms, but discloses the source and origin of plaintiff's title, the rule requires the pleading of affirmative defenses as in other cases.   (*Gallick v. Bordeaux,*

Publisher's Note.

3.  See 23 R. C. L. 935.

See Bills and Notes, 8 C. J., sec. 752, p. 539, n. 17, p. 540, n. 28; sec. 758, p. 547, n. 77; sec. 1332, p. 1020, n. 5 New.

Replevin, 34 Cyc., p. 1539, n. 36 New.

Sales, 35 Cyc., p. 702, n. 64 New, p. 703, n. 72 New.

22 Mont. 470, 56 Pac. 961; *White v. Gemeny,* 47 Kan. 741, 27 Am. St. 320, 28 Pac. 1011; *Lindsay v. Wyatt,* 1 Ida. 738.)

The defense of violation of the rule of diligence in presenting negotiable paper attended with subsequent loss must be pleaded and proved by the defendant (*Cox v. Citizens' State Bank,* 73 Kan. 789, 85 Pac. 762; *Rosenbaum v. Hazzard,* 233 Pa. 206, Ann. Cas. 1913A, 1291, 82 Atl. 62; 38 L. R. A., N. S., 255), and particularly, as here where the suit is not upon the check but upon the original obligation. (*Bradford v. Fox,* 38 N. Y. 289; *Long v. Eckert,* 73 Mo. App. 445; *Syracuse, B. & N. Y. R. R. Co. v. Collins,* 3 Lans. (N. Y.) 29.)

The continued possession of and introduction in evidence by plaintiff of defendant's check still unpaid, in connection with undisputed evidence that said check was given in part payment of the car in question, is conclusive and controlling of the point that the car is not fully paid for, and that the title to and right of possession to the car is in the plaintiff under the terms of the unpaid contract, and that plaintiff must therefore recover. (*Sheffield v. Clelland,* 19 Ida. 612, 115 Pac. 20;.8 C. J. 1014, 1056.)

Even though the check be considered negotiable, and assuming (which is not shown) that loss was sustained by the defendant by failure to present the check in time, the fault and loss is imputable to the defendant and not plaintiff. The facts show acquiescence in and waiver of the failure to present, which may appear in any variety of "facts and circumstances." (C. S., secs. 6053, 6060; *Anderson v. Elem,* 111 Kan. 713, 23 A. L. R. 1202, 208 Pac. 573; *Holmes v. Row,* 62 Mich. 199, 4 Am. St. 844, 28 N. W. 864; 8 C. J. 539, 540; *Elliott v. Peet,* 192 Fed. 699; 8 C. J. 547, 696; 4 Am. & Eng. Ency., 2d ed., p. 463; 3 R. C. L. 1187, sec. 409.)

F. A. Miller, for Respondent.

A general denial in an action of replevin puts in issue, not only the plaintiff's right of possession, but his title to

Opinion of the Court—T. Bailey Lee, J.

the property replevied and, under such pleading, every defense, general or special, meritorious or technical, may be made.

In replevin actions, possession and right of possession are material issues. Any proof is admissible under a general denial to show want of such right in the plaintiff, and the burden of proof is always on the plaintiff to show his right to possession. (*Idaho Placer Min. Co. v. Green,* 14 Ida. 249, 93 Pac. 954; *Tolbert v. Fouche,* 118 S. C. 228, 110 S. E. 115; *People's State Bank of Indianapolis v. Hall,* 83 Ind. App. 385, 148 N. E. 486; *State v. Ronald,* 134 Wash. 152, 235 Pac. 21; *French v. Brown,* 73 Okl. 32, 174 Pac. 748; *Warner v. Carter,* 109 Kan. 285, 198 Pac. 960.)

The negotiable instruments law requires diligent presentment of checks for payment, and if not so done releases and discharges the drawer from liability. (Bunker on Negot. Instruments, sec. 188; C. S., sec. 6053; Brady's Law of Bank Checks, p. 98, sec. 72.)

A notation or memorandum upon a check purporting to be a payment in full or release of payer from all claims is not an "accord and satisfaction" where the claim or demand is liquidated. (*Heath v. Potlatch Lbr. Co.,* 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707; *Smodt v. Checketts,* 41 Utah, 211, Ann. Cas. 1915C, 1113, 125 Pac. 412; *Kleinfelter v. Granger,* 136 N. Y. Supp. 485.)

T. BAILEY LEE, J.—On April 4, 1923, defendant purchased an automobile from plaintiff under a conditional sale agreement providing for three deferred payments: the last, $239, falling due December 4, 1923. Under the terms of the written agreement, title was retained in the seller until the completion of all payments, with the right of immediate possession in case of default in any instalment. It was further provided that defendant should pay an attorney's fee of not less than $50, if plaintiff had to replevy. Thereafter plaintiff sold, assigned and guaranteed the payment of the contract to the Pacific Acceptance Corporation, of San Fran-

cisco, California. On January 14, 1924, defendant forwarded this corporation his check for $239, drawn on the First National Bank of St. Anthony, Idaho, to cover the overdue and last instalment, and bearing in the lower left-hand corner the notation, "Payment in full for car." The payee corporation received this check on January 17th, and, there being still due under the contract the sum of $7.56 accrued interest, the corporation wrote defendant, advising him of the interest and stating that it would hold his check until such interest was forwarded, and would not give him title to the car until then. A copy of this letter was forwarded to plaintiff. Defendant made no response to the letter nor to a telegram from the corporation, but on February 5th following gave plaintiff, at his request, defendant's check for $7.56 drawn on the First National Bank aforesaid, which check was by plaintiff, according to his testimony, deposited in such bank on February 6th or 7th. Plaintiff then forwarded his own check for this sum to the California corporation. The bank closed its doors on February 8th, before plaintiff's check or the $239 check held by the acceptance corporation had cleared. On April 24th, the corporation reassigned the contract to plaintiff who instituted in the probate court a straight replevin suit for possession of the car, $50 attorney's fee and costs. Defendant entered a general denial. From an adverse judgment, plaintiff appealed to the district court where, after a trial by the court without a jury, the court making no formal findings of fact or conclusions of law entered judgment in defendant's favor. Plaintiff appealed complaining at the outset of the court's failure to enter formal findings upon the issues raised by the pleadings. The judgment contains the following recitation:

" . . . . and the court now being fully advised in the premises finds for the defendant:

"That at the time of the commencement of this action the defendant was the owner of the property described in the complaint and entitled to the possession thereof."

[1]  This language constitutes a direct finding on the issues of ownership and right to possession.

[2]  The sole defense offered was that the drawee bank failed on February 8, 1924, and that due to the unreasonable delay in presenting the two checks for payment defendant was discharged from all liability thereon, and his debt to plaintiff satisfied. Appellant contends that the proof adduced to sustain such defense is insufficient. Defendant testified, and it was not denied, that at the time of giving the $239 check, he had sufficient funds on deposit to pay it. While there is not such testimony touching the check for $7.56, it will be presumed, in the absence of a contrary showing, that there were adequate funds to pay it also. Further than establishing the bank's closing on February 8th, and the failure to present and cash defendant's two checks within a reasonable time, defendant offered no proof whatever of any injury sustained by reason of the holders' remissness.  C. S., sec. 6053, provides:

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

[3]  Having asserted as a special defense the holders' default, the burden was upon the defendant drawer to prove both the fact and the extent of his loss.  (*Ryckman v. Fox Film Corp.*, 188 Cal. 271, 205 Pac. 431; *German-American Bank v. Wright*, 85 Wash. 460, Ann. Cas. 1917D, 381, 148 Pac. 769; *Empire-Arizona Copper Co. v. Shaw*, 20 Ariz. 471, 4 A. L. R. 1229, 181 Pac. 464; *Cox v. Citizens' State Bank*, 73 Kan. 789, 85 Pac. 762; *Rosenbaum v. Hazard*, 233 Pa. 206, Ann. Cas. 1913A, 1291, 82 Atl. 62, 38 L. R. A., N. S., 255; *Spink etc. Drug Co. v. Ryan Drug Co.*, 72 Minn. 178, 71 Am. St. 477, 75 N. W. 18; *Merchants' Nat. Bank v. State Nat. Bank*, 10 Wall. (U. S.) 604, 19 L. ed. 1008; *Bull v. Bank*, 123 U. S. 105, 8 Sup. Ct. 62, 31 L. ed. 97.)

The principle would also seem to be indicated in *Wheeler v. Commercial Bank*, 5 Ida. 15, 46 Pac. 830.

While there is much respectable authority casting the burden upon the holder to prove absence of loss to the drawer, we prefer the former rule, and in approving it we desire to reiterate the language of the writer in *Spink etc. Drug Co. v. Ryan Drug Co., supra:*

"It strikes us that, upon principle .and reason, it should be held that loss by reason of negligent delay, either in making presentment or in giving notice of dishonor, is a matter of defense to be pleaded and proved by the drawer, instead of requiring the holder to allege and prove a negative as to a matter peculiarly within the knowledge of the drawer."

Defendant having failed to prove specific loss by reason of delay in presentation, he cannot escape specific liability upon the checks delivered. His entire defense failed for want of proof.

Judgment reversed, with instructions to the trial court to enter judgment including $50 attorney's fees in favor of appellant. Costs to appellant.

Wm. E. Lee, C. J., and Budge and Givens, JJ., concur.