(No. 5170.   October 18, 1929.)

INTERNATIONAL TRUST COMPANY, a Corporation, Respondent, v. CITY OF REXBURG, a Municipal Corporation, Appellant.

[281 Pac. 472.]

F. L. Soule, for Appellant.

W. A. Ricks, for Respondent.

GIVENS, J.—Respondent in Denver, as the collecting agent for Mrs. Reynolds of the same place, on December 27, 1924, forwarded to appellant for payment a bond theretofore issued by appellant, the bond having been called. Appellant purchased from the Farmers' and Merchants' Bank of Rexburg a draft drawn on the Columbia Trust Company of Salt Lake City and sent it to respondent who received it on January 2, 1925, and immediately notified Mrs. Reynolds who did not come to the respondent bank until January 16th. Respondent did not send the draft for collection immediately because it claimed that under its rules and the rules of the bank examiners it had to have either the security or the safekeeping receipt in its files. The draft was not presented for payment until January 19th and was not paid because the Rexburg Bank had failed and closed its doors on January 12th. Hence this suit.

Appellant's defense was payment and that there had been negligent delay in presenting the draft for payment.

It took only three days after the draft was sent for collection to have it presented. Fourteen days passed before it was sent. The time lost was not in transit as considered in 8 C. J. 545, note 63, but in being held by respondent. The facts are undisputed and present only a question of law.

The only showing of custom offered as an excuse for the delay is contained in a letter written by respondent to its attorney, the material part of which is as follows:

"On January 2nd we notified Mrs. Mary Reynolds that we had received a draft for the bond and requested her to bring in the safe keeping receipt and receive the funds. It is a rule of this bank and a ruling of the bank examiners that we must have either the security or the safe keeping receipt in our files, in case a safe keeping receipt has ever been issued for some security."

With this as a basis the court made finding No. 7 as follows:

"That it is a usage, custom and rule of the state banking department of the state of Colorado that the plaintiff must have either the security or the safe keeping receipt in its files before it could close the transaction."

The court concluded that respondent had presented the draft for payment within a reasonable time.

Conceding that the letter showed a custom or rule that the bank was required to have in its files either the security or the safekeeping receipt, after it had sent the bond for collection it had nothing, so far as the evidence shows, in its files until it received the draft, and if it could send the bond under its custom, it could likewise send the draft. This shows that its attempted reliance on a custom was fallacious. The showing as to the custom is insufficient as a valid excuse for nonpresentment sooner than was done. Furthermore there is no showing that the custom was known to the sender of the draft, and hence is insufficient as an excuse for the delay. (8 C. J. 682, note 74.)

The illness of Mrs. Reynolds, the reason assigned for her failure to go to the respondent bank before January 16th, was not offered as an excuse for the delay in presenting the draft for payment so need not be considered.

It must be kept in mind that we are here concerned with the question of the negligence of respondent in presenting the draft for payment, that is, the relative rights of the payee of the draft and the sender, and not with the relative rights of respondent and Mrs. Reynolds, as in *Adams County v. Meadows Valley Bank*, 47 Ida. 646, 277 Pac. 575.

There was under the circumstances of this case an unreasonable delay in presenting the draft. (*Northwestern Coal Co. v. Bowman*, 69 Iowa, 150, 28 N. W. 496; 8 C. J. 541; 5 Uniform Laws, 505, Supplement 1928, p. 210.) Negligence having been shown, the loss falls on the payee. (*Commercial Investment Trust v. Lundgren-Wittensten Co.*, 173 Minn. 83, 56 A. L. R. 492 and note, 216 N. W. 531.)

Respondent urges that no proof of loss was made as required by the holding in *Sims v. Hunter*, 44 Ida. 505, 258 Pac. 550. That was a case involving a check where at the time the check was drawn the maker parted with nothing.

The facts there are readily distinguished from those herein where the sender at the time of the purchase of the draft paid full value therefor.

Furthermore, where a bill of exchange is given in payment of an obligation, the payment is to be considered conditional in the absence of an express understanding or action of the parties showing that the bill is received as absolute payment. If the payee has not accepted the draft in payment, upon the insolvency of the drawer or drawee, he might have a claim against the sender but if he has accepted the draft as payment his remedy is not against the sender, because the sender has settled his obligation to the payee.

Where the drawer delays an unreasonable length of time in presenting the draft for payment, it will be presumed he has elected to accept the draft as absolute payment. (*Commercial Investment Trust v. Lundgren-Wittensten Co., supra;* 48 C. J. 621.) The draft being considered as payment, he has lost his remedy against the sender.

The judgment is reversed and the cause remanded, with instructions to enter judgment in favor of appellant.

Costs to appellant.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.